84 So.2d 661

## O. H. PIGFORD, doing business as Pigford Farm Equipment Company

v.

## B. M. BILLINGSLEY.

3 Div. 972.

Court of Appeals of Alabama.

May 18, 1954.

Rehearing Denied June 22, 1954.

W. Clarence Atkeison, Prattville, and J. B. Atkinson, Clanton, for appellant.

H. T. Fitzpatrick, Jr., and Bernard Lobman, Montgomery, for appellee.

**CARR, Presiding Judge.**

In the court below, without the aid of a jury, the trial judge entered a judgment in favor of the plaintiff.

Appellant sets out nineteen assignments of error.

Assignments 1 to 4 inclusive are argued collectively. In this aspect, in brief, appellant disposes of his insistences in a five-line sentence, without the citation of any specific authority. The effect of the argument is a mere recitation of the assignments of error. Under these circumstances a review by us is not sufficiently presented. Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So.2d 781; Stover v. Hill, 208 Ala. 575, 94 So. 826; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154; Jones v. Daniel, 34 Ala.App. 490, 41 So.2d 627; Gorum v. Mott, 33 Ala.App. 525, 35 So.2d 381.

The same rule must be applied to assignment numbered 18.

Assignments of error numbered 5, 6, 12, and 15 are not argued in brief and therefore must be taken to be waived. Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Washington v. Alabama Mills, 241 Ala. 327, 2 So.2d 770; Christ v. Spizman, 33 Ala.App. 586, 35 So. 2d 568; Lester v. Enzor, 24 Ala.App. 318, 134 So. 819.

Assignments numbered 7, 8, 9, and 10 are argued in group and in a very brief, general manner.

Assignment number 10 claims error in the action of the court in overruling demurrers to replication number 4. According to the record appellant did not interpose any demurrers to this replication. Of course, there is no judgment of the court relating thereto.

We have consistently applied the rule which provides that if assignments of error which do not raise kindred questions are grouped in argument and any one is found to be without merit, the others in the group will not be considered. Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Culp v. Cash, 35 Ala.App. 188, 44 So.2d 796; Lowry v. Nobles, 35 Ala.App. 99, 44 So.2d 20; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

Assignment number 11 raises the question that the lower court erred in rendering judgment for the plaintiff below.

The complaint contains eight counts, all asking damages from the defendant for the

alleged wrongful seizure of a tractor which was sold to the plaintiff by the defendant on a conditional sales contract.

According to the terms of the contract the balance due on the purchase price of the tractor was to be paid one year after date of sale. At the time of the seizure this payment was in default.

■ Legal title is not a necessary element to maintain an action in trespass. The gist of the action is the disturbance of the possession. Terry v. Williams, 148 Ala. 468, 41 So. 804; American Discount Co. v. Wyckroff, 29 Ala.App. 82, 191 So. 790; Pollard v. Pollard, 207 Ala. 270, 92 So. 488; 18 Ala.Dig., Trespass, ⊛1.

Appellee testified that as a part of the purchase price he was to receive all new equipment for the tractor's use. He stated that instead he was furnished secondhand equipment, with the understanding between the parties that it could be used until such time as the new machinery could be obtained by the appellant and prior to the seizure the replacement had not been made.

He testified also that the secondhand equipment he was furnished was not in good working condition and he enjoyed very little benefit from its use.

Appellant denied that this was the agreement. He testified that it was understood and agreed that secondhand equipment would be supplied and this was taken into account in fixing the purchase price of the tractor and the accessories.

■ The appellee had the legal right to default in the payment if the appellant failed or refused to make delivery of the machinery which was the subject of the terms of the contract. 77 C.J.S., Sales, § 231b, p. 1001.

In the case of McDonald v. Sanders, 103 Fla. 93, 137 So. 122, the Florida Supreme Court held in effect that where a purchaser did not unqualifiedly accept secondhand machinery the buyer could withhold further payments, notwithstanding some payments had been made. The court pointed out that this was particularly a right if the furnished property was not in good workable condition as warranted.

In the case of Anderson v. Tadlock, 27 Ala.App. 513, 175 So. 412, 414, we held:

"A person holding a retention-title note to personal property, which is in default, has the right to take that property where he finds it, provided he does so in a lawful manner; but if it transpires that nothing is due on the note, he has no right to the possession, and if he takes it, he does it at his peril * * *."

It is contended that the appellee kept the property for an unreasonable length of time without rescinding the contract.

■ Under the evidence we think that this was a question which addressed itself to the trial judge sitting without a jury. Gorman-Gammill Seed & Dairy Supply Co. v. Carlisle, 220 Ala. 116, 124 So. 288; Millsap v. Wolfe, 1 Ala.App. 599, 56 So. 22.

We entertain the view that under the disputed factual issues there is no merit in the position posed by this assignment of error. Norris v. Kelly, 249 Ala. 281, 31 So. 2d 129.

Assignments numbered 13 and 14 relate to the action of the court in overruling the motion for a new trial. It is here claimed that the judgment is against the preponderance of the evidence.

What we have said herein above illustrates our view that there is no merit in this insistence.

Assignment of error number 16 predicates claim for error on the refusal of the court to render judgment for appellant under plea 8. This plea alleges in pertinent part:

"Defendant, as a further defense to the action of the plaintiff says that the wrongs, matters and things complained of in the complaint, in this cause, were finally judicially investigated and determined by the judgment of the Court of Common Pleas of Autauga County, Alabama, on February 21, 1952 * * *."

 A judgment of the court of common pleas, which was introduced in evidence, discloses that the former judgment of the court was vacated and annulled by agreement of parties and also because the court of common pleas had no jurisdiction of the subject matter. The former judgment being void for lack of jurisdiction, the court had the inherent power to vacate it. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Hobson-Starnes Coal Co. v. Alabama Coal & Coke Co., 189 Ala. 481, 66 So. 622; Pickens v. Clark, 203 Ala. 544, 84 So. 738; State ex rel. St. Peter's M. Baptist Church v. Smith, 215 Ala. 449, 111 So. 28; Dulin v. Johnson, 216 Ala. 393, 113 So. 397; Shade v. Shade, 252 Ala. 134, 39 So.2d 785; Hynes v. Underwood, 191 Ala. 90, 67 So. 994.

Assignment of error number 17 relates to a ruling of the court incident to the introduction of evidence.

 Appellee was permitted, over general objections, to give the amount he was allowed for his old equipment when he traded for the tractor. This concerned a matter which was not in dispute. It was reflected in the conditional sales contract which was introduced in evidence without objections. Cosby-Hodges Milling Co. v. Nance, 33 Ala.App. 48, 29 So.2d 575; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

The appellee was permitted to state also that the secondhand machinery which he received was worth approximately sixty-five percent of new machinery of like kind. The witness testified that he was familiar with tractor equipment.

 We cannot see how this answer, if we concede that it was immaterial, could have been harmful to the appellant. Under the disputed factual issues this inquiry was inconsequential. The appellee claimed that the contract of sale provided for new equipment. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

It should be held in mind that we are here reviewing a case that was tried by the court without a jury.

 Under such circumstances we should first determine whether or not error was committed in the introduction of evidence. If we find that there was error in admitting the evidence, we should then decide, by reading the entire record, whether or not such error probably affected the decision of the trial judge. Lackey v. Thomas, 28 Ala.App. 302, 184 So. 262.

The judgment below is ordered affirmed.

Affirmed.

## On Rehearing

Appellee files a motion to strike the application for rehearing on the grounds that there is a non-compliance with Supreme Court Rules 38 and 10, Title 7 Appendix, Code 1940.

We think there is a substantial compliance with these rules and the application should not be stricken.

We entertain the view that to respond to the insistences in the rehearing application would in effect be a rehash of our response in the original opinion.

The application for rehearing is overruled.