**Shelby T. STRICKLAND, Plaintiff,**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.**

**Civ. A. No. 647–S.**

United States District Court
M. D. Alabama, S. D.

May 1, 1959.

Jackson W. Stokes, Elba, Ala., for plaintiff.

Steiner, Crum & Baker, Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the defendant, the Equitable Life Assurance Society of the United States, filed in this cause on April 10, 1959, seeking to have this Court enter, pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., a summary judgment in defendant's favor declaring and decreeing that plaintiff is not entitled to the relief sought, nor a judgment against this defendant, and dismissing plaintiff's action as to this defendant on the ground that there is no genuine issue as to any material fact and that this defendant is entitled to a judgment as a matter of law. The defendant files with the Court, along with the motion, certain affidavits, a copy of the insurance policy

forming the basis for this suit, the deposition of this plaintiff taken in Montgomery, Alabama, on February 21, 1959, and certain exhibits thereto, and other affidavits relating to plaintiff's claim for workmen's compensation filed with the Industrial Accident Board of Texas.

To the defendant's motion, the plaintiff files no affidavits but does file certain letters relating to his employment with the H. K. Ferguson Company prior to and subsequent to the alleged accident the plaintiff says occurred while "he was working for The H. K. Ferguson Company * * * in Conroe, Texas, and while going about his duties under his employment."

The real basis for defendant's claim that it is entitled to a judgment upon the pleadings, the deposition, and the affidavits, which, according to defendant, show there is no genuine issue as to any material fact, is that the insurance policy plaintiff now sues on was for the purpose of complementing any workmen's compensation benefits that injured employees may have been entitled to for occupational injuries by providing certain benefits for non-occupational injuries; that if, as the plaintiff alleges, this was an occupational injury, his recourse is through the Texas Industrial Accident Board for workmen's compensation and not under this insurance policy, which covers only non-occupational bodily injuries.

This Court finds from the evidence submitted in support of and in opposition to the motion for summary judgment that this plaintiff was employed for several years by the H. K. Ferguson Company, Inc., engineers and builders, whose main offices are located in Cleveland, Ohio. He was employed originally as a millwright. His job assignment with this company, according to his own testimony,[1] was later changed to foreman and then to superintendent. Plaintiff testifies that after he became superintendent, he had control over the entire maintenance of the oxygen plant, where he says he was injured on or about the 8th day of January, 1957, in Conroe, Texas. His testimony is not controverted that he was employed as "superintendent of the millwrights" at the time of the alleged accident. His testimony is also not controverted that he was following his occupation as superintendent of the millwrights at the time he said he was injured. All of the documents and testimony submitted to this Court indicate to the Court that that testimony of the plaintiff is correct.

The pertinent provisions in the insurance policy plaintiff sues upon are as follows:

"Accidental Death and Dismemberment Benefits.

"Upon receipt of due proof that any employee, while insured under this policy, shall have sustained non-occupational bodily injuries caused directly and exclusively by external, violent and purely accidental means, and, within ninety days after such injuries, and as a result, directly and independently of all other causes, of such injuries, shall have sustained any of the losses enumerated in the Schedule of Losses set forth below, the Society will, subject to the limitations and provisions of this policy, pay to such employee, if living, otherwise to the beneficiary, an amount determined in accordance with said schedule.

"Limitations.

"No payment shall be made under this policy for any loss resulting from or caused directly or indirectly, wholly or partly, by

\* \* \* \* \* \*

"(f) bodily injuries arising out of and in the course of the employee's employment."

Plaintiff's only answer to the defendant's motion is made in the form of an argument to the Court that since plaintiff was originally employed by the H. K. Ferguson Company as a millwright and since his occupation was that of a mill-

---

1. Page 4 of the deposition of the plaintiff filed in this cause on March 5, 1959.

wright, he was not, while he was serving as foreman and/or superintendent for the Ferguson Company, following his regular occupation and, therefore, any injury he received while he was employed by the Ferguson Company as a superintendent of the millwrights was a "non-occupational injury" within the meaning of this insurance policy; such an argument is untenable. It may be that plaintiff's training qualified him to be employed as a millwright and it may be that he was employed originally by this company as a millwright. However, according to all the evidence before the Court, including the testimony of the plaintiff himself, he had ceased being employed by the Ferguson Company as a millwright and was at the time of his injuries employed as a superintendent of millwrights. Assuming that he was injured on the date and in the manner he alleges and claims, it was an occupational injury, and this defendant's policy does not cover such injuries; they are specifically excluded. There is no ambiguity in the policy in this respect.

The conclusion reached by this Court is in accord with Morgan v. Equitable Life Assurance Society, La.App.1945, 22 So.2d 595, 598, where the employee was injured while being transported by the employer, by bus, from the main gate of the plant to their actual employment, the employees receiving no pay until they punched their time clock and actually began their work, the Court there holding that the accident did not entitle the employee to benefits payable under the group policy, since the accident arose out of and occurred in the course of the insured's employment. As stated there by the Court, "the policy clearly contemplates that so long as an employee is in the discharge of the duties of his occupation or is engaged in some activity necessarily incidental thereto, in the furtherance of the employer's business, the policy provisions would not apply." Another case construing a policy very similar to the policy now before this Court is Gage v. Conn. General Life Insurance

Co., Mo.App.1954, 273 S.W.2d 761, 765. In that case, the plaintiff was employed by the Trans World Airlines; there was in force and effect by the defendant insurance company and plaintiff's employer a group accident policy containing almost the identical provisions as contained in the policy now before this Court. While the policy was in force and effect and while the plaintiff Gage was a passenger en route to her place of employment, she was injured. The transportation was provided by plaintiff's employer. The Court there said:

"Paragraph (d) of 'Limitations' quoted above, for the purposes of the group policy makes celar what the policy means by 'non-occupational' injury. It is clearly reflected from the language of this paragraph that if the accident and consequent bodily injury or injuries arose out of and in the course of employment it should be classed as occupational, and would be compensable under the Workmen's Compensation Law; otherwise, the accident and consequent injury or injuries would be nonoccupational."

The Court went on to say:

"The policy clearly contemplates that so long as an employee is in the discharge of the duties of his occupation or is engaged in some activity necessarily incidental thereto, in the furtherance of the employer's business, the policy provisions would not apply."

There is no question but that in this case, on the 8th day of January, 1957, in Conroe, Texas, this plaintiff was in the employment of the H. K. Ferguson Company as a superintendent; he was charged with the duty of making certain inspections of an oxygen plant that had been installed by the Ferguson Company for a petroleum company; it was his duty [2] to check the equipment for leaks; he was on the date in question performing these duties at the time he says he was injured. He was, therefore, dis-

2. See pages 7, 8, 9, and 10 of plaintiff's deposition.

charging the duties of his occupation and was engaged in "some activity" necessarily incidental thereto and in the furtherance of his employer's business.

For the foregoing reasons, this Court concludes that there is no genuine issue as to any material fact in this case and that the Equitable Life Assurance Society of the United States, as the defendant, is entitled to a judgment as a matter of law.

It is, therefore, the Order, Judgment and Decree of this Court that plaintiff is not entitled to the relief sought, nor entitled to a judgment against the Equitable Life Assurance Society of the United States on the ground that there is no genuine issue as to any material fact. It is the further Order, Judgment and Decree of this Court that a judgment be and the same is hereby entered for the defendant, the Equitable Life Assurance Society of the United States, and that the costs in this proceeding be and they are hereby taxed against the plaintiff, Shelby T. Strickland, for which execution may issue.