319 So.2d 276

Inez **LANTON**

v.

**HOLLY REALTY COMPANY, INC.,**
a corporation.

Civ. 629.

Court of Civil Appeals of Alabama.

Sept. 17, 1975.

Jackson W. Stokes, Elba, for appellant.

Cassady & Fuller and M. Dale Marsh, Enterprise, for appellee.

BRADLEY, Judge.

Plaintiff-appellee, a corporation licensed as a real estate broker in Alabama, commenced this action by filing a complaint in the Circuit Court of Coffee County, Enterprise Division, seeking to recover $2,400 plus interest, for the breach of a sales agreement previously entered into with the defendant-appellant. After the denial of a motion to dismiss, plaintiff filed a motion for summary judgment with accompanying affidavits and exhibits. Defendant moved to dismiss the motion for summary judgment and filed supporting affidavits. Summary judgment in the amount of $2,532 which included interest was awarded to plaintiff. Defendant's motion to set aside this judgment was denied and she appeals the summary judgment.

The facts show that W. H. Jenkins of Holly Realty Company on January 12, 1974 entered into a written contract with defendant, Inez S. Lanton, by which Holly Realty was authorized to sell a piece of property owned by defendant and located at 102 Olive Springs Drive, Enterprise, Alabama. Holly Realty, by the terms of the contract, was employed as the exclusive agent for the sale of that property for a period of 180 days from January 12, 1974. The agency's sale commission was to be five percent of the sale price. The contract further provided that "all earnest money deposits paid upon the purchase price shall be held by the agent in an escrow account until consummation of the deal or termination thereof." On April 6, 1974 William N. Price signed a written agreement with Holly Realty to purchase defendant's property located at 102 Olive Springs Drive in Enterprise, Alabama for the sum of $48,000. Earnest money in the amount of $1,000 was deposited with Holly Realty by W. N. Price. On April 17, 1974 defendant stated by written endorsement on that agreement form that she accepted Price's offer to purchase.

On that same day, i.e., April 17, 1974, W. N. Price and his wife entered into a

written sales contract with defendant to purchase the property in question for $48,000. The contract provided that the earnest money, if forfeited by non-compliance of purchaser, was to be equally divided between defendant and Holly Realty; otherwise the earnest money of $1,000 was to be applied to the payment of the sales price of $48,000.

By affidavit filed in support of plaintiff's motion for summary judgment, Bill Jenkins of Holly Realty stated that after the execution of the sales contract, the purchaser obtained financing from Dothan Federal Savings and Loan Association in Dothan, Alabama and a loan closing was arranged for August 30, 1974. The buyer and defendant were notified of the closing date, and on that date the buyer, the loan officer and the agent were present; the defendant did not appear.

Mr. Billy Lane, an officer of Dothan Savings and Loan, also gave an affidavit in support of plaintiff's motion, stating that W. N. Price had applied for a loan on the property offered for sale by defendant and a written commitment was made on May 10, 1975 to lend him $41,900. He states the buyer was, on August 30, 1974 ready, willing and able to purchase defendant's property.

W. N. Price by affidavit said that he signed a sales agreement with defendant to purchase the property she had offered for sale and had agreed to pay $48,000 for it. He said that he had paid $1,000 as earnest money on the signing of the sales agreement, had obtained a loan commitment from Dothan Federal Savings and Loan for $41,900 and had in his possession at the loan closing a check in the amount of $5,100 drawn to the order of defendant. He says that at the time of the loan closing, he was ready, willing and able to purchase defendant's property.

Defendant says by motion to dismiss the summary judgment motion and by affidavit that she listed her property with Holly Realty for only 90 days. Between the 10th and 15th of July 1974, W. N. Price told her he was not going to buy the property. She said that about the middle of August 1974 she told Jenkins and Sheppard of Holly Realty that W. N. Price did not want to buy the property. She said she had no knowledge of a meeting with Price with reference to a loan closing on August 30, 1974.

By affidavit, Mrs. Hazel Andrews said she was in the office of Lanton Moving and Storage in New Brockton, Alabama and overheard Price tell defendant that he was not going to buy her home.

The supreme court in *Birmingham Television Corp. v. Water Works*, 292 Ala. 147, 290 So.2d 636, said:

"A motion for summary judgment may be granted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law."

In the case at bar we agree with the trial court's conclusion that no genuine issue of fact existed for resolution by a jury.

The question for decision by the trial court was whether or not plaintiff was entitled to receive a commission for obtaining a buyer for property owned by defendant.

In *Penney v. Speake*, 256 Ala. 359, 54 So.2d 709, the supreme court said:

"While there is a distinction between contracts by which a broker is employed to procure a purchaser for property and contracts by which he is employed to effect a sale or to sell, the rule in this jurisdiction is that brokers employed under the latter type of contract, as well as those employed under the first-mentioned type, are entitled to their compensation where they have procured a purchaser ready, able and willing to perform the terms specified or agreed upon, notwithstanding no actual transfer takes place because of the refusal of the seller to convey. [Citations omitted.]"

The U. S. Court of Appeals for the Fifth Circuit in *Ar-Con Building Special-*

*ties, Inc. v. Famco, Inc.*, 480 F.2d 162 (5th Cir. 1973) interpreted this rule of law to mean that at the moment the real estate broker found a purchaser ready, willing, and able to buy, the sale was constructively consummated and the commission was earned.

The documentary evidence shows that defendant gave plaintiff exclusive authority for 180 days to sell her property located at 102 Olive Springs Drive, Enterprise, Alabama; that a buyer was obtained and a sales agreement between the buyer and seller was entered into on April 17, 1974 whereby the buyer paid $1,000 earnest money and agreed to pay the balance at the loan closing; that on May 10, 1974 the Dothan Federal Savings and Loan committed itself in writing to lend $41,900 to the plaintiff to purchase the property.

We conclude that as of May 10, 1974, plaintiff had presented to defendant a buyer ready, willing and able to buy her property and that as of that date the sale of that property was constructively consummated as to entitle plaintiff to his commission.

Defendant in her affidavit did not dispute the fact that she had entered into a written agreement to sell the subject property to W. N. Price nor that she had by written agreement engaged plaintiff to obtain a buyer for the property. She did say that the listing agreement was for only 90 days rather than 180 days as appears in the written agreement. Defendant's statement that the listing agreement was for only 90 days is contrary to the written agreement she signed with plaintiff and cannot be considered, for to do so would have the effect of allowing parol testimony to alter the terms of a written agreement. This cannot be done in the absence of fraud, and there is no evidence of fraud here. *Commercial Credit Co. v. Seale*, 30 Ala. App. 440, 8 So.2d 199, cert. den., 242 Ala. 661, 8 So.2d 202.

The undisputed evidence shows that as of May 10, 1974, plaintiff had obtained a buyer ready, able and willing to purchase defendant's property, and at that moment the plaintiff had earned his commission even though the defendant later refused to complete the sale.

There being no genuine issue of a material fact in the case at bar, the plaintiff was entitled to summary judgment and the trial court's judgment so holding is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.