BRADLEY, Judge.
The Circuit Court of Mobile County granted defendant’s request for summary judgment. Plaintiff appeals to this court. We affirm.
The pleadings and affidavits filed by both parties show, without dispute, that plaintiff was an employee of International Paper Company on December 9, 1968. On that date during the course of his employment with International, plaintiff received a very serious injury as a result of an accident, which caused him to be permanently and totally disabled. As a result of that accident, plaintiff received workmen’s compensation benefits as provided by Alabama law.
Prior to the accident, plaintiff had been insured under a group insurance policy procured by International Paper. The policy included health insurance benefits. The health benefits portion of the group policy contained the following exclusion:
“No Weekly Indemnity shall be paid under the Group Policy for any period of disablement arising out of or in the course of any employment for wage or profit.”
Plaintiff contends on appeal that the provision in question does not apply to International Paper, the employer who obtained the group policy, but does apply to other employers for whom plaintiff might be working. Defendant responds that the provision is applicable to International Paper as well as any other employer.
The trial court, in its order granting summary judgment, construed this provision to exclude from indemnity coverage any period of disability for which the employee received workmen’s compensation payments. Such a construction is erroneous; it is not supported by the express terms of the contract, but creates a new provision not bargained for. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Tubbs, 293 Ala. 432, 304 So.2d 589. There is no mention of workmen’s compensation in the provision.
However, this error will not result in reversal of the summary judgment. The plain meaning of the provision coupled with the undisputed facts in the case indicate that there is no genuine issue of material law or fact here, and summary judgment for defendant is proper, Lanton v. Holly Realty Co., 56 Ala.App. 78, 319 So. 2d 276; Birmingham Television Corp. v. Water Works, 292 Ala. 147, 290 So.2d 636.
The language of the policy provision is so clear and unambiguous as to obviate the need for interpretation. Indemnity coverage is excluded where the disablement arises “out of or in the course of any employment for wage or profit.” The phrase “any employment” plainly includes employment at International Paper. There is not the slightest suggestion to the contrary in the contract.
In Strickland v. Equitable Life Assur. Soc. of United States, 172 F.Supp. 729, the U. S. District Court for the Middle District of Alabama rendered summary judgment for the insurer on the basis of the following exclusion in an accidental death and dismemberment insurance policy:
“No payments shall be made under this policy for any loss resulting from or caused directly or indirectly, wholly or partly, by

“(f) bodily injuries arising out of and in the course of the employee’s employment.”
In that case the United States District Court said that no ambiguity existed in that provision of the insurance policy.
Likewise, in the case at bar, the policy exclusion is very clear on this point and must be enforced as written. The plaintiff was undisputedly injured during the course of his employment, and the insurance policy sued on unequivocally excludes weekly indemnity for such injuries.
*174 Although Alabama Farm Bureau Mutual Casualty Insurance Co. v. Tubbs, supra, has been cited for one aspect of the present opinion, it is not apt authority for appellant’s contention that the policy exclusion should be strictly construed against the insurer, and appellant’s interpretation adopted. There is simply no room in the provision for any construction which would allow employment at International Paper to escape the exclusion. Unless there is room for differing interpretation the maxim of construction urged by appellant has no applicability.
There being no genuine issue as to any material fact, defendant was entitled to summary judgment. Although we disagree with the trial court’s theory of the case, its judgment is the correct result and is affirmed, Sosebee v. Alabama Farm Bureau Mut. Cas. Ins. Co., 56 Ala.App. 334, 321 So.2d 676.
Affirmed.
WRIGHT, P. J., and HOLMES, J., concur.