Alabama Fuel Sales Company, Inc., ("Broker") sued Vulcan Energy Resources Corporation ("Producer") for money allegedly due as a commission for Broker's services in obtaining a purchaser for Producer's coal, and Producer counterclaimed for money allegedly due on previous sales through Broker. The trial court sitting without a jury found that Broker was not entitled to a commission and that Producer was entitled to recover part of its counterclaim. Broker appeals. We affirm as to Producer's counterclaim and reverse and remand as to Broker's claim.
 I. Broker's Claim
The Broker negotiated with Southern Services, Inc., purchasing agent for Alabama Power Company, for the sale of a large stockpile of Producer's coal to Alabama Power. On April 4, 1974, pursuant to the negotiations, Producer and Broker sent a letter to Southern Services stating the terms of Producer's offer.
The trial court found inter alia, that on April 8 or 9, Southern Services orally informed Broker that Alabama Power accepted the offer and that Alabama Power would issue purchase order number 94313 and also orally directed Broker to begin shipment of the coal. On that same day, Broker orally conveyed this information and instruction to Producer.
On April 10, 1974, Producer orally stated to someone at Southern Services that its offer of April 4 was withdrawn. Producer then sold the coal to another buyer.
No written memorandum of Alabama Power's acceptance was received by Broker until April 12 or 13. At that time, Broker received a copy of the offer letter of April 4 signed by Southern Services and Alabama Power and indicating that the offer had been accepted. Southern Services mailed the acceptance on April 10 or 11. The trial court stated that it could not determine the exact day on which it was mailed. *Page 1009 
The trial court found, inter alia, that before the offer was made Broker and Producer had agreed that Broker would be paid a commission only if the offer resulted in a legally enforceable contract. The court held that Broker had the burden of proving that a legally enforceable contract came into existence before Producer's withdrawal of the offer on April 10. It also held that the burden had not been satisfied because it could not determine whether the written acceptance was mailed on April 10 or 11. See Unofficial Recompiled Code of 1958, Tit. 7A, § 2-201.
Broker contends that, even if no legally enforceable contract was ever created, it was entitled to a commission as a matter of law because it had found a purchaser ready, willing, and able to buy Producer's coal. Broker further contends that a legally enforceable contract was created before Producer withdrew its offer. It argues that a valid oral contract was created prior to the withdrawal and that the offer letter of April 4 satisfied the Statute of Frauds. Then, taking a slightly different approach, Broker argues that a written contract was created when the written offer of April 4 was orally accepted by Alabama Power.
In reply, Producer first cites the ore tenus rule and then argues that Broker did not produce a purchaser ready, willing, and able to buy Producer's coal. Producer also contends that oral acceptance of the offer did not create a valid oral contract because the offer letter stated, "If you agree to the terms and conditions set forth above, please sign and return one copy to us."
The general rule regarding a broker's right to receive a commission is that unless the seller and the broker have agreed to the contrary the broker is entitled to receive a commission when he procures a purchaser ready, willing, and able to buy on the seller's terms, even though the sale is never consummated.Espalla v. Lyon Co., 226 Ala. 235, 146 So. 398 (1933); O'Nealv. Plowden, 220. Ala. 317, 124 So. 882 (1929); Alabama Fuel Iron Co. v. Adams, Rowe Norman, 216 Ala. 403, 113 So. 265
(1927); Malone v. Dillard, 212 Ala. 361, 102 So. 705 (1925). Generally it is not necessary that the broker produce a purchaser whom the seller knows to be ready, willing, and able to buy as long as the purchaser is in fact ready, willing, and able to buy. Smith v. Sharp Real Estate Co., 200 Ala. 666,77 So. 40 (1917).
In this case, the trial court found that Producer and Broker had agreed that Broker was to receive a commission if, and only if, the offer resulted in a legally enforceable contract. It is our conclusion that this finding is not supported by the evidence in the case. We think it to be "clearly erroneous" under Rule 52, ARCP. Producer's president, testifying concerning the amount of the commission, stated that there was never any agreement regarding a commission. Our examination of the record has revealed no evidence whatsoever of any agreement concerning Broker's right to a commission. Since there was no evidence of an agreement to the contrary, Broker was entitled to a commission upon its producing a purchaser ready, willing, and able to buy on Producer's terms. Authorities, supra.
Whether a broker has produced a purchaser who is ready, willing, and able to buy upon the seller's terms is a question for the trier of fact.[1] Espalla v. Lyon Co., supra. Because this question has not been addressed by the trier of fact in this case, we reverse and remand for a new trial.
 II. The Producer's Counterclaim
Producer counterclaimed for money allegedly due on open account for three transactions. The trial court found Broker was indebted to Producer for two of those transactions. Broker contends that the evidence does not support the court's finding *Page 1010 
regarding either of the two transactions. Producer replies that invoices and records kept in the ordinary course of business were introduced into evidence and showed "rather conclusively" a balance owing.
Having examined the record, we do not think that the findings of the trial court on the counterclaim are clearly erroneous. Rule 52, ARCP. Therefore, we affirm the judgment for Producer on its counterclaim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
JONES, ALMON, and EMBRY, JJ., and SIMMONS, R.C.J., sitting by designation of the Chief Justice, concur.
[1] It is contended by Producer that Alabama Power Company was not ready, willing, and able to buy upon the terms of the offer but altered the terms in its purchase order. We do 339 not address this issue as it enters into the trial court's determination as to whether the Power Company was ready, willing and able.