This is an appeal from the grant of a motion for summary judgment. We reverse.
The complaint in this case is one of several which have been instituted over recent years because of controversies involving the same real property. The parties are adjoining landowners, and their lands front on a small stream. The lot of land belonging to the plaintiff, Jardine, is west of the lot of land owned by the defendant, Vasko.
On December 12, 1975, the plaintiff filed this complaint in the Circuit Court of Baldwin County, alleging the dimensions of the property owned by each by metes and bounds; that the plaintiff had constructed a boathouse "on the point of land as described in his deed;" that plaintiff's predecessors in title in 19[5]2, had successfully sued the defendant in ejectment; that defendant, in 1973, had sued the plaintiff unsuccessfully *Page 963 
over a peninsula described in plaintiff's deed; that defendant was ignoring these judgments; that defendant, in 1975, had erected a barbed-wire fence along a bulkhead on a portion of plaintiff's land back to the plaintiff's boathouse, had erected "No Trespassing" signs on plaintiff's land, and was committing continuous trespasses. The complaint asked for the removal of the fence, the signs, and a permanent injunction against entry.
The defendant filed an answer to this complaint alleging ambiguities in the deed descriptions to the lots, denying the trespasses, denying that he was ignoring the previous legal judgments, and denying that the fence is upon the land of the plaintiff. Defendant requested a declaratory judgment to "settle once and for all the issues in this suit," maintaining that the property descriptions contained ambiguities and (hence) the boundary lines were uncertain. He also alleged that the physical terrain had changed due to the plaintiff's construction of a bulkhead behind which the land had been "filed" [sic], including defendant's property.
Plaintiff moved for a summary judgment, and as grounds stated:
 This Motion is based upon the fact that a Civil Suit was brought against JERRY VASKO by DORA W. 
LUSTER L. BASS, Civil Case 1694 wherein the Circuit Court of Baldwin County, Alabama rendered a Judgment against the said JERRY VASKO on the 25th day of February 1952 as follows: ". . . Judgment in favor of the Plaintiffs and against the Defendant for the land sued for in the Complaint . . . Defendant taxed with costs . ."
 Further, that Defendant herein, JERRY VASKO, filed a suit against Your Complainant, and that the said lawsuit was filed in the Circuit Court of Baldwin County on the 28th day of November 1973 claiming to own the peninsula property as described in Your Complainant's deed and claiming the sum of $10,000.00 damages. This cause was tried before a Jury under case No. 11,610, and a verdict returned in favor of Your Complainant herein on the 22nd day of July 1975.
In support of this motion, the attorney for plaintiff filed an affidavit stating that he represented Jardine in the Vasko v.Jardine suit which litigated the position of the peninsula and Vasko's riparian rights. He stated that judgment was entered for the defendant (the present plaintiff, Jardine). He also stated that in that trial part of the evidence consisted of a civil judgment against Vasko in the Bass v. Vasko ejectment suit, which inferentially, tried title to the parties' land as described in their respective deeds. No additional documents were filed in support of the motion for summary judgment which the trial court granted on November 4, 1976, ordering defendant to remove the fence, the signs, and enjoining him from entering the plaintiff's lands.
Among other issues he presents, defendant asserts that summary judgment was erroneously granted by the trial court because there were genuine issues of material fact presented in the pleadings,e.g., the location of the fence, and the facts of the alleged trespasses. In that connection, we take note that plaintiff's complaint alleges that the erection of the fence and the defendant's trespassory incursions occurred after the two actions which, we may presume from the pleadings, tried the title to land then in dispute.
But how could those judgments affect the present controversy, especially since Vasko now claims that his fence is not upon Jardine's property, and denies that he has trespassed upon Jardine's land? The matters touched upon by the supporting affidavit did not settle any questions of present trespass. Ejectment is an action for trial of title to land, McCormick v.McCormick, 221 Ala. 606, 130 So. 226 (1930), while trespass is a remedy for interferences with possessory right. Legal title is not a necessary element of an action of trespass, Pigford v.Billingsley, 38 Ala. App. 28, 84 So.2d 661, aff'd 264 Ala. 29,84 So.2d 664 (1956), although when possession of land is disputed, the legal title holder is deemed to *Page 964 
be in possession and his contestor is considered a trespasser.Davenport v. O'Neal, 270 Ala. 436, 119 So.2d 226 (1960). In short, the location of the fence, and any continuing trespass resulting therefrom, have not been litigated previously, and the location of the fence was not resolved previously to the extent that the trial court could conclude presently that its location was not an issue of fact. "Where the evidentiary matter in support of the motion (for summary judgment) does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." 2 Lyons,Alabama Practice, p. 352; Rule 56 (e), ARCP; 6 Moore's Fed.Prac., par. 56.15 (2nd ed. 1971).
We conclude, therefore, that the trial court erred in granting plaintiff's motion for summary judgment.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and SHORES, JJ., concur.