BRADLEY, Judge.
The plaintiff, Darrell H. Walker, filed suit against the defendant, Jimmy Johnson, claiming $9,000.00 as damages for breach of an agreement by the defendant to pay a finder’s fee. The parties had reached an agreement whereby the plaintiff would try to find a buyer for the defendant’s business, and if a buyer was found, the defendant would pay the plaintiff a commission in the amount of ten percent of the agreed purchase price of $90,000.00.
The plaintiff contacted his brother, A. J. Walker, as a prospective buyer of the defendant’s business. Walker later contacted the defendant and entered into negotiations with him for the purchase of the business. Several of these meetings were held at the defendant’s place of business. At these meetings the defendant showed Walker the merchandise and shop as well as the books and records of the business.
Walker later had his attorney prepare a bill of sale which he presented to the defendant. The defendant objected to two of the terms of the agreement. Walker then agreed to remove the objectionable terms from the agreement. This agreement was never executed.
During these negotiations, Walker liquidated certain securities in order to have the necessary cash to make the purchase. It is undisputed that Walker had the ability to pay the purchase price. Before the sale could be consummated, Walker imposed a condition on his purchase of the business. He insisted that he be allowed to work in the defendant’s business to verify that the business was as represented. Due to illness on both sides, this was not done as originally scheduled. Walker then attempted several times to contact the defendant, but was unsuccessful. The defendant has not noti *840 fied Walker that he does not want to sell the business.
Initially, it is important to note that in cases of this nature there is a presumption in favor of findings of fact made by the trial court since it hears the disputed evidence ore tenus. This presumption precludes our reversal of the trial court’s judgment unless it is determined to be plainly and palpably wrong. Alabama Farm Bureau Mutual Insurance Co. v. Davis, Ala.Civ.App., 354 So.2d 15 (1978).
The general rule regarding a broker’s commission is set out in Alabama Fuel Sales Co. v. Vulcan Energy Resources Corp., Ala., 339 So.2d 1007 (1976), as follows:
The general rule regarding a broker’s right to receive a commission is that unless the seller and the broker have agreed to the contrary the broker is entitled to receive a commission when he procures a purchaser ready, willing, and able to buy on the seller’s terms, even though the sale is never consummated.
In this case the trial court found that Walker was able to purchase the defendant’s business, but was not ready and willing to purchase. We conclude that this finding is supported by the evidence in the case. Walker’s testimony indicated that he intended to personally ascertain the financial condition of the business before agreeing to purchase; this he did not do. Therefore we affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.