HOLMES, Judge.
Doctors Medical Center sued Betty Sellers claiming $4,961.11 in unpaid hospital bills. The trial court granted summary judgment in favor of the medical center.
Sellers appeals and we reverse.
The sole issue on appeal is whether the learned trial judge erred in granting the medical center’s motion for summary judgment.
The record shows that the medical center offered, in support of its motion, the pleadings, two sets of requests for admissions propounded by the medical center and answered by Sellers, and a variety of other documents purported to come from the medical center’s business records. The medical center did not offer any affidavits in support of its motion nor did it attempt to authenticate any of the documents offered as business records.
The party moving for summary judgment must clearly show that the other party could not prevail under any discernible set of circumstances and must show the absence of a genuine issue as to any material fact. Ragland v. Alabama Power Co., Ala., 366 So.2d 1097 (1978). The moving party must meet this burden by offering material in support of its motion which would be admissible in evidence. Morris v. Morris, Ala., 366 So.2d 676 (1978); Rule 56(e), ARCP.
In the instant case the documents offered by the medical center in support of its motion do not show that Sellers could not prevail under any discernible set of circumstances. Specifically, the documents purported to come from the medical center’s business records were not sworn to or properly authenticated. Those documents as offered would not be admissible in evidence. Salotti v. Seaboard Coast Line Railroad Co., 293 Ala. 1, 299 So.2d 695 (1974). Therefore, we find that the medical center has failed to properly support its motion as required by rule 56, ARCP, and that the trial court erred in granting summary judgment.
We also note that the case must be reversed for an additional reason. The medical center relies upon the requests for admissions and answers to show that it is entitled to summary judgment. However, those papers must be viewed in a light most favorable to the nonmoving party. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala.1979).
When viewed in that light those papers raise a genuine issue of material fact. Specifically, the medical center in its complaint alleged that Sellers owed it $4,961.11. Sellers denies that she owed that amount and denied that the hospital charges were reasonable and necessary. The medical center in its requests for admissions asked Sellers to admit that she never registered any complaints with the medical center regarding the hospital charges. Sellers denied this allegation.
Sellers, in response to another request for an admission, denied that she agreed to pay $834 per month on the account. Stated differently, there was a genuine issue of material fact as to the amount due the medical center and as to the method of payment. See, Ray v. Midfield Park, Inc., 293 Ala. 609, 308 So.2d 686 (1975). Under rule 56, ARCP, summary judgment may not be granted when there is a genuine issue of material fact before the trial court. Vasko v. Jardine, 346 So.2d 962 (Ala.1977); Lanton v. Holly Realty Co., 56 Ala.App. 78, 319 So.2d 276 (1975); Rule 56, ARCP.
We finally note that the medical center through able counsel contends that summary judgment was proper in this case because Sellers failed to present any evidence in opposition to its motion. However, where the evidence in support of the motion for summary judgment does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. Vasko v. Jardine, supra.
*1023 The case is due to be reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.