I agree with the statements of law in the principal opinion respecting the right of the landlord, under the terms of the lease agreement here, to peaceably re-enter the premises upon breach of covenants by the tenant. While we hold that the defendant's initial action in re-entering the property and taking possession of the tenant's furniture temporarily as an incident thereto does not amount to a conversion, the question arises as to whether the landlord's continued possession amounted to a conversion of the tenant's property.
It appears to be the rule that
 "[a] demand in an action of trover [and conversion] is only necessary where the taking was rightful, and where a demand and refusal are necessary to constitute a conversion. . . . [W]here there has been a wrongful assumption of property by the defendant which is of itself a conversion, no demand is necessary before the suit is brought."
Dixie v. Harrison, 163 Ala. 304, 312, 50 So. 284, 286 (1909);Kemp's Wrecker Service v. Grassland Sod Co., 404 So.2d 348
(Ala.Civ.App. 1981). It is undisputed in this case that the property was owned by the plaintiff. We have already determined that the defendant's initial retention of the property did not constitute a conversion. It is our view that because the landlord had the right to re-enter the premises and, at least *Page 39 
temporarily, to retain possession of the tenant's personal property, a demand by the tenant and refusal by the landlord could be required as an element of the tenant's cause of action.
The affidavit of the plaintiff (tenant) states in part:
 "On or about June 1, 1981, Mr. Penn acting as agent or employee of Mr. Dziak removed all our furniture from the rental house. This was done without my permission or my wife's permission. Mr. Penn was aware at the time he removed the furniture that it belonged to us. The furniture was put in storage and has not been returned to us." (Emphasis added).
The affidavit of the defendant (landlord) in pertinent part states:
 "Finally, upon my instructions Charles Penn rented a truck and removed the personal belongings from the premises and stored same at Avalon Avenue Mini Storage. The Moriartys have been advised that their personal property is safely stored and that same will be returned to them upon payment in full of the back-rent and our miscellaneous expenses."
The party moving for summary judgment (here the defendant landlord) must show the absence of a genuine issue of any material fact, and that he is entitled to a judgment as a matter of law. Sellers v. Doctors Medical Center,402 So.2d 1021 (Ala.Civ.App. 1981); Bon Secour Fisheries, Inc. v.Barrentine, 408 So.2d 490 (1981); Gray v. WALA-TV,384 So.2d 1062 (Ala. 1980).
Defendant (landlord), in support of his motion for summary judgment, did not submit facts to show that the tenant failed to demand possession, nor evidence that defendant timely sought to enforce his landlord's lien by appropriate legal proceedings. Whether the landlord held the property for an unreasonable period of time or whether he exercised control of the property in defiance of plaintiff's rights after demand by the tenant and refusal of the landlord are matters to be determined by the trier of fact.
Therefore, in view of our rule respecting summary judgments and the liberality of notice pleading, I agree that the trial court should not have entered summary judgment in favor of the defendant as to this aspect of the case on appeal.