BEATTY, Justice.
Appeal by Pelzer Homes, Inc., and Archie McIntosh from rulings adverse to them based upon motions of Alabama Power Company (APCo) in its suit for injunc-tive relief. We affirm.
In its suit, APCo alleged that by deed of Seabron and Elizabeth Jones, dated August 30, 1949, it acquired an easement under a certain strip of land 100 feet in width.[1] It further alleged that following the filing of this deed for record, the defendants constructed certain “structural dwellings,” partially on the 100-foot strip of land, which interfered with and wrongfully restricted and obstructed the plaintiffs right-of-way. As relief, APCo sought, among other things, to enjoin the maintenance of these dwellings on the right-of-way and to require their removal from the right-of-way. A copy of the Jones deed was attached to the complaint.
Pelzer and McIntosh filed motions to dismiss, which were denied. Thereafter, each filed an answer and counterclaim to recover damages pursuant to Code of 1975, § 6-6-286, which states:
“(a) When an action is commenced to recover land or the possession thereof, the defendant may, at any time before the trial, suggest upon the record that he, and those whose possession he has, have, for three years next before the commencement of the action, had adverse possession thereof, which must be construed to mean the same character of possession as will put in operation the statute of limitations. In such case, if the jury finds for the plaintiff, it must also ascertain by its verdict whether such suggestion is true or false. If the jury finds it to be false, it must return a verdict for the damages as in ordinary cases. If the jury finds it to be true, it must assess the value, at the time of trial, of the permanent improvements made by the defendant, or those whose estate he has, and also ascertain by its verdict the value of the lands and of the use and occupation thereof, not including the increased value by reason of such improvements.
“(b) If the value of the use and occupation as assessed exceeds the value of the permanent improvements made, judgment must be entered against the defendant for the excess. If the value of the improvements exceeds the value of the use and occupation, no writ of possession shall issue for one year after the entry of the judgment unless the plaintiff or his legal representative pays the defendant, or deposits with the clerk for him, the excess of the assessed value of the improvements over the value of the use and occupation. If the plaintiff or his legal representative neglects for the term of one year to pay such excess, and the defendant or his legal representative within three months after the expiration of the year pays to the plaintiff, or to the clerk for him, the value of the land and of the use and occupation thereof as assessed by the jury, the plaintiff is forever barred from his writ of possession and from commencing any action whatever against the defendant, his heirs or assigns to recover such land or the possession thereof.”
Each of the counterclaims stated that each defendant had adverse possession of the property in question for more than three years prior to commencement of plaintiff’s action and sought damages for the value of *560 improvements made thereon. A jury trial was requested on these counterclaims. APCo moved to strike the jury demands and moved for summary judgment on the counterclaims. The trial court granted the motion to strike the jury demands and entered summary judgment for plaintiff APCo. A Rule 54(b), A.R.Civ.P., order was entered making the judgment final, and Pelzer Homes and McIntosh took this appeal.
The central issue here is whether a counterclaim under Code of 1975, § 6-6-286 is proper in an action for injunctive relief against interference with an easement.
The statute in question begins with this language, viz.: “When an action is commenced to recover land or the possession thereof.” (Emphasis added.) But plaintiff’s action is not brought to recover land, i.e., the title or its possession. Plaintiff is not suing in ejectment to establish title or to recover possession, Lee v. Jefferson, 435 So.2d 1240 (Ala.1983), but is seeking relief for the disturbance of an easement. Although an easement has been held to be an interest in land, City of Montgomery v. Maull, 344 So.2d 492 (Ala.1977), it is a “liberty, privilege or advantage” in land distinct from the ownership of the soil. Louis Pizitz Dry Goods Co. v. Penney, 241 Ala. 602, 4 So.2d 167 (1941). Any relief accruing to APCo would not give it possession of the land, or title to the land, but would only restore its full right of user.
The statute under which counter-claimants seek relief, on the other hand, contemplates the commencement of an action in ejectment, Code of 1975, § 6-6-280(a), or in trespass, see Pigford v. Billingsley, 38 Ala.App. 28, 84 So.2d 661 (1954), aff'd, 264 Ala. 29, 84 So.2d 664 (1956).
This Court has already held that under such circumstances relief is proper by way of injunction, rather than by way of ejectment or trespass, since the circuit court has jurisdiction to enjoin the obstruction of a private easement, Snider v. Alabama Power Co., 346 So.2d 946 (Ala.1977), and cases cited therein, and, contrary to defendants’ contentions, without a jury trial. Snider, supra.
It follows that the trial court’s actions granting summary judgment on the counterclaims made under § 6-6-286 and striking the defendants’ jury demands were correct.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

. This deed gave APCo "the right to construct, operate and maintain electric transmission lines and all telegraph and telephone lines, towers, poles and appliances necessary or convenient in connection therewith from time to time upon, and counter-poise wires or other counter-poise conductors under, a strip of land one hundred feet in width, as said strip is now located by the final location survey thereof heretofore made by said Company, over and across the lands of which it is hereinafter described as being a part, said survey to determine the boundaries of said strip, together with all rights and privileges necessary or convenient for the full enjoyment or use thereof for the purposes above described ... and the right to cut and keep clear all trees and undergrowth and other obstruction on said strip and danger trees adjacent thereto which now or may hereafter injure or endanger any of the works on said strip, and the right to install, maintain and use anchors and guy wires on land adjacent to said strip."