Margaret Dabbs ("Dabbs") appeals from a judgment entered on a jury verdict, assessing damages against her in the sum of $22,794, plus interest and costs, for an unpaid real-estate brokerage commission. We affirm.
 Procedural History
On October 31, 2005, SRE, Inc., d/b/a Southern Real Estate ("SRE"), sued Dabbs and her husband, Lee Dabbs, in the Escambia Circuit Court, alleging that the Dabbses had failed to pay a brokerage *Page 17 
commission pursuant to a real-property listing agreement between the parties ("the agreement") concerning the Dabbses residence. The Dabbses answered SRE's complaint, denying that they owed SRE a commission. In support thereof, the Dabbses asserted that they were never shown an actual contract containing the alleged offer to purchase their residence, that the alleged offer contained contingencies not agreed upon by the Dabbses, and that the date the alleged buyers were to have occupancy of the residence did not provide the Dabbses with enough time to vacate the property.
On January 29, 2007, the parties selected a jury and proceeded to trial. On that same day, at the close of SRE's case-in-chief, each of the parties moved the trial court for a judgment as a matter of law ("JML").[1] Because Dabbs's husband was not a party to the agreement, the trial court granted his Rule 50, Ala. R. Civ. P., motion for a JML. However, the trial court denied the motions for a JML made by Dabbs and SRE. Dabbs then rested without presenting any evidence. The jury found that, pursuant to the agreement, Dabbs owed SRE a commission in the amount of $22,794. On February 12, 2007, the trial court entered a judgment for SRE in the amount of $22,794, plus interest and court costs. No postjudgment motions were filed.
Dabbs timely appealed, raising the following issues: 1) whether a real-estate broker's procurement of an offer that contains contingencies not found in the listing agreement for the property constitutes the procurement of a "ready, willing, and able" buyer; 2) whether an agreement as to the purchase price on a proposed sale of real property constitutes a meeting of the minds so as to entitle the real-estate broker to a commission; and 3) whether the Statute of Frauds requires a signed acceptance of a contingent offer to purchase when a real-estate broker seeks to collect a commission.
Because Dabbs did not file a post-verdict motion for a JML, this court is precluded from considering any sufficiency-of-evidence questions on appeal. In UnitedServices Automobile Ass'n v. Hobbs, this court stated that "[i]t is well settled that `"a [preverdict motion for a JML]must be made at the close of all the evidence and that a timely [postverdict motion for a JML] must be subsequently made before an appellate court may consider on appeal the insufficiency-of-evidence issue directed to the jury's verdict."'" 858 So.2d 966, 971 (Ala.Civ.App. 2003) (quoting Sears, Roebuck Co. v. Harris,630 So.2d 1018, 1025 (Ala. 1993), quoting in turn Bains v.Jameson, 507 So.2d 504, 505 (Ala. 1987)) (second emphasis added). "The final step in preserving appellate review of the sufficiency of the evidence in a jury trial is the making of a timely [postverdict motion for a JML]. Failure to make that motion prohibits appellate review of the sufficiency of the evidence." Great Atl. Pac. Tea Co. v. Sealy,374 So.2d 877, 881 (Ala. 1979). Therefore, we are precluded from considering any sufficiency-of-the-evidence issues raised by Dabbs on appeal and will only consider Dabbs's arguments on appeal to the extent that those arguments present legal questions that were presented to the trial court. See Barnesv. Dale, 530 So.2d 770 (Ala. 1988) (holding that questions of law may be considered on appeal even *Page 18 
though the court was precluded from considering sufficiency-of-the-evidence issues due to the appellant's failure to preserve those issues for appeal); and Fox AlarmCo. v. Wadsworth, 913 So.2d 1070 (Ala. 2005) (holding that, to preserve legal questions for appeal, the questions must have been presented to the trial court). Our review of questions of law is de novo. See George v. Sims, 888 So.2d 1224,1226 (Ala. 2004) (pure questions of law are reviewed de novo).
 Relevant Facts
On August 4, 2004, Dabbs entered into the agreement with SRE; under the agreement, SRE was to act as the selling broker, or agent, for Dabbs's residence in Atmore ("the residence"). Pursuant to the agreement, the residence was listed for sale at $379,900. The agreement called for Dabbs to pay SRE a "cash commission of 6 percent of the gross amount of any sale, agreement to sell, or exchange," and it called for Dabbs to pay SRE the commission if, among other things, SRE "produc[ed] a purchaser ready, willing and able to purchase th[e] property."
On or about April 5, 2005, some potential buyers made a contingent offer to SRE to purchase Dabbs's residence for $370,000 and paid SRE $5,000 in earnest money. The contingencies in the offer were, among other things, that Dabbs "repair roof damage and any other unseen but known storm damage" and that the closing be conducted on or before April 15, 2005 — i.e., within 10 days. That same day, while Dabbs was in Texas visiting her daughter, Patty Davis, a broker employed by SRE, presented Dabbs's husband with a sales contract that included the offer and the contingencies. However, that offer was not accepted. The following day, April 6, 2005, the prospective buyers increased their offer to purchase Dabbs's residence to the full asking price. However, all other terms of the offer remained the same. Davis then contacted Dabbs, who was still in Texas, and informed her of the offer to purchase the residence at the full listing price. The following morning, April 7, 2005, Dabbs's husband contacted Davis and informed her that he and Dabbs had decided not to sell the residence.
 Analysis I.
Dabbs first asserts that SRE was not entitled to a commission because the offer contained contingencies not found under the terms of the agreement. Thus, according to Dabbs, SRE had not produced a "ready, willing, and able" buyer for the residence. In essence, Dabbs asserts that SRE had not procured a buyer who was "willing" to purchase the residence on Dabbs's — i.e., the seller's — terms. However, it is well settled in Alabama that whether a broker has procured a purchaser who is "ready, willing, and able" to buy upon the seller's terms is a question for the trier of fact. See Alabama Fuel Sales Co.v. Vulcan Energy Res. Corp., 339 So.2d 1007 (Ala. 1976);Espalla v. Lyon Co., 226 Ala. 235, 146 So. 398 (1933);Hover v. Whittaker-Warren Agency, 56 Ala. App. 255,321 So.2d 213 (1975); and Pierce v. Kelley,43 Ala.App. 674, 199 So.2d 689 (1967). In Alabama Fuel Sales, the Alabama Supreme Court noted that the assertion that a buyer's offer was not according to the seller's terms implicates the fact-finder's determination as to whether the buyer was "ready, willing and able." 339 So.2d at 1009 n. 1. Therefore, because this assertion presents a sufficiency-of-the-evidence issue, and because we have already held that Dabbs did not preserve sufficiency-of-the-evidence issues for appellate review, we are precluded from considering this issue. Thus, Dabbs has not demonstrated error as to this issue. See Clark v.Black, 630 So.2d 1012 (Ala. 1994) (holding *Page 19 
that failure to preserve sufficiency-of-the-evidence issues precludes appellate reversal of an order denying a preverdict motion for a JML).
 II.
Dabbs next contends that her silence as to the contingencies in the offer and the parties' agreement as to the purchase price did not constitute acceptance of the offer so as to entitle SRE to a commission under the agreement. Dabbs's argument implies that, as a matter of law, unless the seller and broker contract otherwise, there must be an agreement to purchase between the buyer and the seller before a broker is entitled to a commission.
In Alabama, absent an agreement between the seller and the broker to the contrary, a broker may be entitled to receive the agreed-upon commission regardless of whether the sale or transfer of the real property is ever completed. See AlabamaFuel Sales, 339 So.2d at 1009 (stating that, as a general rule, "unless the seller and the broker have agreed to the contrary the broker is entitled to receive a commission when he procures a purchaser ready, willing, and able to buy on the seller's terms, even though the sale is neverconsummated "(emphasis added)); and Lanton v. HollyRealty Co., 56 Ala.App. 78, 319 So.2d 276 (Civ. 1975) (holding that when a broker had obtained a buyer who was ready, willing, and able to purchase the seller's property, and when the buyer had paid earnest money and signed a purchase agreement, the broker was entitled to his commission even though the seller later refused to complete the sale). Thus, as a matter of law, it is not necessary for a seller and a buyer to reach an agreement in order for a broker to be entitled to a commission pursuant to a real-property listing agreement between the seller and the broker; therefore, it was not necessary for Dabbs to have accepted the buyers' purchase offer in order for SRE to be entitled to a commission.
 III.
Finally, Dabbs asserts that Alabama's Statute of Frauds, § 8-9-2, Ala. Code 1975, requires a seller's signed acceptance of a written, contingent offer to purchase real property before a broker becomes entitled to recover a commission pursuant to a real-property listing agreement. According to the Statute of Frauds, "`all contracts for the sale of real property [must] be in writing and be signed by the party against whom the contract is asserted.'" Holman v. Childersburg Bancorporation,Inc., 852 So.2d 691, 695 (Ala. 2002) (quoting Pickard v.Turner, 592 So.2d 1016, 1020 (Ala. 1992)). Thus, according to Dabbs, SRE is not entitled to a commission in this case because Dabbs never signed or accepted the buyers' contingent offer to purchase the residence. We disagree.
We have already concluded that an agreement to purchase a seller's real property is not required for a broker to be entitled to a commission. See Alabama Fuel Sales, supra; and Lanton, supra. If no agreement between the seller and the buyer is required to entitle a broker to a commission, then there certainly cannot be a requirement that there be a writing. In Bailey v. Padgett,195 Ala. 203, 70 So. 637 (1915), our supreme court held that "`[i]t is no defense to an action by a broker to recover compensation in the way of commissions for the sale of lands that the contract of sale was within the statute of frauds.'" 195 Ala. at 208,70 So. at 639 (quoting Stephens v. Bailey Howard,149 Ala. 256, 262, 42 So. 740, 741 (1906)). Therefore, Alabama's Statute of Frauds does not require a writing, or a signed *Page 20 
acceptance by the seller of a buyer's contingent offer to purchase real property, before a broker may become entitled to recover a commission pursuant to a real-property listing agreement.
 Conclusion
For the foregoing reasons, the trial court's judgment in favor of SRE is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.
[1] Although the parties referred to the Rule 50 motions made at trial as "motions for a directed verdict," such motions are now referred to as motions for a judgment as a matter of law.See Rule 50, Ala. R. Civ. P.; Committee Comments to October 1, 1995, Amendment to Rule 50; and Parker v.Williams, 977 So.2d 476 (Ala. 2007).