194 So.2d 848

**BIRMINGHAM ARTIFICIAL LIMB COMPANY et al.**

v.

**Zillah ALLEN.**

6 Div. 244.

Supreme Court of Alabama.

Jan. 26, 1967.

Corretti, Newsom & Rogers and Lorant & Bouloukos, Birmingham, for appellants.

Spain, Gillon & Young, Foster Etheredge and J. Wm. Powers, III, Birmingham, for appellee.

HARWOOD, Justice.

The complainant, Zillah Allen, filed a bill praying that she be decreed the true owner of 19 shares of stock in the Birmingham Artificial Limb Company, and that Moody L. Smitherman, Secretary, Pete W. Allen, President, of the company, be ordered to issue a new certificate of stock in the company to Zillah Allen for such 19 shares.

After hearing, the Chancellor entered a decree granting the relief prayed for.

The Birmingham Artificial Limb Company was incorporated in 1919. The articles of incorporation authorized the issuance of 50 shares of stock.

Prior to 25 July 1962, the date on which Pete W. Allen transferred all 19 of his shares of stock in the company to Zillah Allen, his wife, the shares of stock were owned by Moody L. Smitherman (20 shares), Mrs. Evelyn S. Shannon (10 shares), Pete W. Allen (19 shares), and Zillah Allen (1 share). Zillah Allen had owned her 1 share since 1939.

On 3 July 1964, Zillah Allen gave written notice to Moody Smitherman, Secretary of the company, of the transfer to her by Pete W. Allen of the certificates representing his 19 shares, surrendered the certificates to Smitherman for cancellation, and requested the issuance to her of a new certificate of stock representing the 19 shares. This was in compliance . with the by-laws of the company.

Thereafter the individual appellants refused to issue the new certificate and to enroll Zillah Allen on the books of the corporation as the owner of such shares.

The basis of their action in the premises was that Pete W. Allen, the transferor of the stock, had not complied with the restrictive provisions for transfer of the stock certificates contained in the articles of incorporation, which provisions were printed on the reverse side of all of the stock certificates issued by the company.

The restrictions on the transfer of stock of the company contained in the articles of incorporation provide:

"Each of the said subscribers or incorporators respectively agrees that no stock shall be sold or otherwise alienated by any holder thereof until the same shall first be offered in writing, at its market value, to the remaining stockholders, for thirty days; such writing to be filed with the secretary of the company, and a copy thereof mailed to each known stockholder of the company."

The legend printed on the reverse side of each certificate of stock reads:

"Each holder of stock in this corporation agrees with each of the other stockholders thereof that no stock herein shall be sold or otherwise alienated until the same shall first be offered in writing, at its market value, to the other stockholders thereof for thirty days; such writing to be filed with the secretary of the company, and a copy thereof mailed to each known stockholder thereof."

The primary question presented on this appeal is whether the above restrictions on the transfer of stock apply to transfers between stockholders in the corporation.

Respective counsel state in brief that they have found no Alabama case on this point, nor has our research uncovered such case. There are, however, numerous cases from our sister states dealing with this question, and perhaps the best elucidation of the answer to the question and representative of the views of the overwhelming number of courts, is to be found in Talbott v. Nibert, 167 Kan. 138, 206 P.2d 131, wherein the Kansas court was considering a restrictive provision in articles of incorporation in effect the same as the provisions now under consideration. That court wrote:

"Restrictive charter provisions concerning sales of stock are ordinarily employed to keep the association intact and to prevent transfer of stock to "outsiders", nonstockholders, who might enter the corporation to gain information concerning it for their own selfish ends and to use it against the best interests of the corporation. Such restrictive provisions pertaining to nonstockholders are valid. Absent a clear and specific charter provision which compels an interpretation that notice is required to other stockholders in case of a sale by one stockholder to another stockholder courts generally construe such provisions to mean that stockholders are to be given an opportunity to purchase the stock only before it is offered to "outsiders", nonstockholders. A

few of the numerous cases so holding are Rychwalski v. Milwaukee Candy Co., 205 Wis. 193, 236 N.W. 131; Serota v. Serota, 168 Misc. 27, 5 N.Y.S.2d 68; Gibbon v. 3920 Lake Shore Drive Building Corporation, 310 Ill.App. 385, 34 N.E.2d 109; Mason v. Mallard Telephone Co., 213 Iowa 1076, 240 N.W. 671; Sterling Loan & Investment Co. v. Litel, 75 Colo. 34, 223 P. 753; McDonald v. Farley & Loetscher Mfg. Co., 226 Iowa 53, 283 N.W. 261, 263.

"The instant charter did not specifically or clearly deny the right of a stockholder to sell to another stockholder without notice to other stockholders. It is just as open, and it would seem far more so, to the interpretation that the priority referred to means that stockholders have a priority over outsiders to purchase the stock. The trial court, in view of the overwhelming weight of authority properly concluded the charter did not apply to or govern the instant sale."

The policy inherent in the above doctrine has had a general approval of this court as evidenced by the following excerpts from the opinion in Security Life and Accident Co. v. Carlovitz, 251 Ala. 508, 38 So. 2d 274:

"A stockholder has an inherent right to transfer his stock just as he has an inherent right to transfer any other property he may own. One of the incidents of the ownership of property is the power to dispose of it at pleasure. Hence, 'the courts have jealously guarded facilities for the transfer of title, and all unreasonable attempts to restrain the right to pass title have been declared void as against public policy.'

\*        \*        \*        \*        \*        \*

" 'The authorities are unanimous in enunciating this principle.' Any restriction on the right of a stockholder to transfer his shares must be construed strictly."

We hold that the restrictive provisions in the articles of incorporation, and in the legend on the stock certificates do not

apply to transfer of stock between stockholders, and that appellants' assignments of error 5, 6, 7, 8, 9, 10, and 12 are without merit.

In his decree the Chancellor, in his findings, laid much emphasis on the question of estoppel and found that the restrictive provision in the articles of incorporation "was never complied with in any of the stock transfers in the entire history of the corporation from its inception in 1919"; and that "the respondent corporation and its stockholders and officers are estopped in the enforcement of the aforementioned prohibitory or limiting provision relative to transfer of stock set out in the charter and stamped on the stock certificates of the corporation, because of their failure to abide by or insist upon compliance therewith in any and all of the previous stock transfers effected since the formation of the corporate entity."

Appellants' assignment of error No. 4 asserts as error the finding of the court as to estoppel.

Respective counsel have argued this question pro and con, and at length. We pretermit consideration of this point, being clear to the conclusion that what we have written in the forepart of this opinion fully supports the decree of the Chancellor. So long as a judgment or decree is correct, the theory or reason on which it was decided is wholly immaterial insofar as a reversal on appeal is concerned.

Assignment of error No. 11 is that the court erred in entering its decree in that the effect of such decree was to alter the corporate charter.

As we understand appellants' argument under this assignment, it is based upon the premise that the court, by its decree, did in effect alter the articles of incorporation when there had been no compliance with Section 21(18), Title 10, Code of Alabama 1940, which provides the method for amending articles of incorporation.

The defect in this argument is that the premise on which it proceeds is specious. The lower court did not in any wise by its decree amend the articles of incorporation of respondent company. It merely interpreted the restrictive provisions and accorded to them the legal effect fully warranted by governing legal principles.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, and MERRILL, JJ., concur.