302 So.2d 114

**Jessie M. OWENS and William Chester Owens as Executors of the Estate of Laura W. Owens, Deceased**

v.

**The BANK OF BREWTON, a corporation.**

**Civ. 391.**

Court of Civil Appeals of Alabama.

Oct. 16, 1974.

Brooks, Garrett & Thompson, and Everette A. Price, Jr., Brewton, for appellee.

Fitzgerald & Johnston and B. Nowlin Keener, Jr., Pensacola, Fla., for appellants.

WRIGHT, Presiding Judge.

This is an appeal from summary judgment granted defendant.

By amended complaint filed by plaintiffs it was alleged that defendant was indebted to plaintiffs as executors of the estate of Laura W. Owens in the amount of $9,356.-58, together with interest from September 9, 1925. The further allegations of the complaint were that the testator died on July 30, 1966; a part of her personal property was a savings account in the claimed sum; a numbered account passbook indicated the deposit was made in the defendant bank on September 9, 1925; after discovery of the account plaintiffs made demand upon defendant for payment, which demand was refused. One of the defenses filed by defendant was that of presumption of payment from lapse of time.

On August 13, 1973, defendant filed motion for summary judgment under Rule 56, Rules of Civil Procedure. With the motion was filed an affidavit by Jerry Kelly, Vice President of defendant. The essence of the affidavit is that all known records of defendant had been examined by affiant since the date of the alleged deposit of Laura W. Owens; that no record of her as a depositor had been located; that many records of the bank had been lost or damaged in a flood in 1929; that all records since that time, required by law to be kept, were examined and failed to disclose any such account. Various copies of reports and ledger sheets were attached to the affidavit. One such ledger sheet was for the date of September 9, 1925, and showed savings deposits for that date in an amount of $9,374.58, a sum $18.00 greater than the deposit of Mrs. Owens. Affiant stated that on November 13, 1925, a withdrawal from savings is shown in the sum of $9,444.48, $20.82 more than Mrs. Owens would have been entitled to withdraw on that date if accrued interest were added to her deposit.

On September 5, 1973, plaintiffs filed a motion for summary judgment supported by affidavit from Mrs. Owens' son, William Chester Owens. The affidavit stated that at the time of her death, Mrs. Owens had in her possession a savings account passbook issued by defendant; and that demand was made for payment of the amount shown deposited by the book together with interest from date of deposit. A copy of the book was attached as an exhibit. The book indicated an account in the savings department of defendant was opened by Mrs. W. D. Owens on September 9, 1925, with a deposit of $9,356.58. The book contained printed rules and regulations as to such an account, which included the rule that no payment would be made to the depositor unless the account book was presented and such payments entered in the book. Another rule provided for replacing a lost or stolen book.

Defendant's motion for summary judgment was set for oral hearing on September 14, 1973. Following such hearing the court entered judgment granting the motion the same date as follows:

"This day came the parties by their counsel and this cause coming on to be heard upon the motion of the defendant, The Bank of Brewton, A corporation,

for summary judgment, and plaintiff's reply to said motion, was argued and submitted, on consideration thereof,

It is ORDERED that said motion be and same is hereby GRANTED.

Dated this the 14th day of September, 1973.

/s/ DOUGLAS W. WEBB
CIRCUIT JUDGE"

It is the appellants' contention on this appeal that the court improvidently granted defendant a summary judgment, for the allegations of the complaint establish a prima facie case and the passbook as an exhibit to appellants' affidavit in support of the motion for summary judgment presents a "scintilla" as to a right of recovery.

■ Our response to the first contention is that it is incorrect. Rule 56(e) of Rules of Civil Procedure provides in part as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The second contention, that the affidavit of Mrs. Owens' son, supported by an exhibit of the passbook issued to her on September 9, 1925, presents a scintilla of evidence as to an issue of fact which should be presented to a jury, must be examined in relation to the law of presumption of payment presented by defendant as a defense.

As we see it, the complaint charges that on September 9, 1925, plaintiffs' testator deposited a large sum of money in a savings account with defendant. Over forty years later, and after the death of the depositor, the book showing the deposit was discovered among the effects of the depositor. The passbook showed no activity after the original entry. Plaintiffs as executors of the depositor, made demand upon defendant for payment of the account with interest since September 9, 1925. Defendant refused payment.

In answer to the complaint, defendant pled as defenses, the general issue, laches, statute of limitation and presumption of payment. Defendant further moved for summary judgment and presented an affidavit of an officer familiar with records of the bank, who stated he had examined all records of the bank available since the date of September 9, 1925. He further stated that there was an amount close to the amount calculated to be due the depositor, Mrs. Owens, withdrawn on November 13, 1925, some two months after the date of deposit. There was no further indication of such account in the records of defendant. All records required by law to be kept by the bank were present and examined; however, the flood of 1929 had destroyed many records kept prior to that time. There appears no response by affidavits to defendant's motion for summary judgment unless the court considered the affidavit and exhibit filed by plaintiffs in support of their motion for summary judgment.

Thus, it appears that defendant presented presumption of payment with affidavit as a basis for summary judgment.

■ What is presumption of payment? It is a doctrine or rule of law arising from common law and has been recognized by the courts of this state as far back as reported cases are available. It has been also known as the doctrine of prescription as applied to undisturbed possession of property. It has been termed an

absolute rule of repose. Probably the first leading case on the subject was McArthur v. Carrie's Adm'r., 32 Ala. 75. Briefly stated, as recognized in this state, the doctrine of prescription or presumption of payment is that the lapse of twenty years, without recognition of right, or admission of liability, operates as an absolute rule of repose. Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265, Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201, Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625, Ballenger v. Liberty National Life Ins. Co., 271 Ala. 318, 123 So.2d 166.

It is said in Oxford v. Estes, 229 Ala. 606, 158 So. 534 as follows:

"It is not a presumption merely, but a rule of law, raising an absolute bar to ancient causes of action. (Citations omitted)."

"This rule of repose 'has been declared applicable to all kinds of debts and pecuniary obligations.'" Semple v. Glenn, *supra*.

It is stated in 21 R.C.L. Payment, Sec. 147 as follows:

"As the presumption of payment arising from lapse of time is based on reasons of public policy and social convenience and security, it is a presumption which the courts are bound to draw when the facts are undisputed and undisturbed by conflicting evidence, and its effect is to cast the burden of proof onto the plaintiff."

Therefore, the court concludes in this case that in the absence of any evidence, affidavit or even allegations in response to the affidavit of defendant that there had been no recognition or admission of the indebtedness by defendant or a claim of or demand for payment by plaintiffs or their testator or any activity of such account from 1925 until at least 1966, a period of over forty years, the trial court correctly invoked the rule of presumption of payment. As the affidavit of plaintiff did not in any manner rebut the presumption, but rather supported it by showing passage of over forty years from deposit to demand, there was no issue of fact presented and the trial court properly granted summary judgment.

On Motion to Dismiss:

■ Appellees filed motion to dismiss this appeal for that counsel signing the brief of appellant is not licensed to practice law in Alabama. The motion is denied.

Appellants' counsel was admitted to practice in this state several years ago but had ceased to practice. At the time of the filing of the brief, he had not purchased an occupational license as an attorney at law in Alabama, but was associated with a law firm in Pensacola, Florida. Since the filing of the motion to dismiss, appellants' counsel purchased the required occupational license. He has further been recommended to this court by a member and commissioner of the Alabama Bar. We determine him qualified to represent the appellants. Failure to purchase a license to practice as required by statute is a possible criminal violation by the one so failing, but such violation should not serve to punish the appellants by dismissal of their appeal.

Affirmed.

BRADLEY and HOLMES, JJ., concur.