321 So.2d 676

Major SOSEBEE

v.

**ALABAMA FARM BUREAU MUTUAL CAS-
UALTY INSURANCE COMPANY.**

Clv. 565.

Court of Civil Appeals of Alabama.

Oct. 29, 1975.

Jones & Monroe, Birmingham, for appellant.

No appearance for appellee.

BRADLEY, Judge.

This is an appeal by defendant from a summary judgment entered for plaintiff in a detinue suit.

The action was commenced by appellee-plaintiff below, Alabama Farm Bureau Mutual Casualty Insurance Company, on July 23, 1971 in the Circuit Court of the Tenth Judicial Circuit, Jefferson County, by filing a complaint in detinue against appellant-defendant below, Major Sosebee. The complaint was supported by a proper bond and an affidavit stating that a 1969 Chevelle Malibu was the property of plaintiff and that action for its recovery had been initiated against defendant. The summons and complaint were served on defendant by the sheriff, who took possession of the car. When Sosebee failed to give bond and re-take possession within five days, as required by law, Farm Bureau posted replevin bond and took possession. On September 3, 1971 defendant filed a demurrer and a demand for jury trial.

On September 23, 1971 defendant commenced a separate suit aginst Sutherlin Chevrolet, Inc., defendant's vendor, in Jefferson County Civil Court, alleging breach of warranty of title. That action was transferred to the Circuit Court of St. Clair County for reasons of venue and subject matter jurisdiction. On January 27, 1972 Sutherlin Chevrolet demurred and demanded jury trial. A pre-trial conference was held on September 20, 1973. The order coming from that conference overruled Sutherlin's demurrer and set forth certain facts as established, including: Sutherlin had sold the car off its lot; a check for $1,900 was made out to Sutherlin; the bill of sale was made out to Spradlin Auto Parts; months later Farm Bureau claimed title to the vehicle and took possession of it; and defendant claims that the vehicle was a stolen automobile at the time of sale. On March 30, 1974 defendant amended his complaint in the St. Clair County case to

include counts of misrepresentation and deceit based on Sutherlin's actual or constructive knowledge of the fact that the vehicle was a stolen car. Count Five stated in part that the automobile "was repossessed by its lawful owners from plaintiffs." On April 2, 1974 Sutherlin denied each and every allegation in the complaint. Trial was held on April 29, 1974, and a verdict was returned stating, "We the Jury find for the plaintiffs and assess their damages at ($5,000.00) Five Thousand Dollars." There were no specific findings, nor do any instructions appear in the orders of court.

On May 22, 1974 plaintiff Farm Bureau moved for summary judgment in the present case against defendant based on the St. Clair County verdict and judgment. The motion asserted that the jury verdict established that the car was stolen; that the judgment estops defendant from contradicting his position in prior suit; and that defendant is barred from recovering because the St. Clair case had decided all the issues in the present case. The motion was supported by affidavit and by inclusion of the pleadings, motions, and orders of the St. Clair suit as exhibits.

On February 12, 1975 the Jefferson County trial court entered a final decree awarding summary judgment to plaintiff. The trial court's order determined that defendant is estopped by the St. Clair judgment.

On February 28, 1975 appellant filed notice of appeal.

It is defendant's contention that the estoppel on which the trial court granted summary judgment is inapplicable to the instant case because there is no mutuality of estoppel. A judgment, to conclude either party to the matter, must be such as to work a mutual estoppel. That is, a person who can claim the benefit of a judgment as an estoppel upon his adversary is one who would have been prejudiced by a contrary decision in the earlier case. *In-*terstate Electric Co. v. Fidelity and Deposit Co.,* 228 Ala. 210, 153 So. 427; *Clark v. Whitfield,* 213 Ala. 441, 105 So. 200. Farm Bureau cannot meet this requirement of mutual estoppel. It was not a party to nor a participant in the St. Clair county case. It was not in privity with any of the participants in that case, privity meaning "[a] mutual or successive relationship to the same rights of property," *Bigelow v. Old Dominion Copper Co.,* 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, or an identity of interest in the subject matter of the litigation, *Interstate Electric Co. v. Fidelity and Deposit Co., supra.* Findings of law or fact in an action do not affect persons who were not parties or privies to the action. *Suggs v. Alabama Power Co.,* 271 Ala. 168, 123 So.2d 4. There are exceptions to the mutuality doctrine, *Interstate Electric Co. v. Fidelity and Deposit Co., supra.* However, the posture of the parties and facts in the case before us does not fit into any recognized exception. In light of this, *Suggs v. Alabama Power Co., supra,* provides the controlling principle that new exceptions are not to be created.

We are aware that several jurisdictions have abandoned the mutuality doctrine, stating that it is in conflict with a public policy favoring settlement of controversies in a single litigation. The *Suggs* case indicates that Alabama does not follow this trend and remains a strict mutuality state. Although judicial economy is favored here as elsewhere, our jurisdiction has chosen to liberalize the rules of civil procedure, expanding the right to intervention and joinder of parties and expediting consolidation of actions at trial level, rather than abrogating the mutuality doctrine. Our rules provided ample opportunity to resolve all of the factual issues here in a single trial. Plaintiff did not avail itself of this opportunity.

Therefore, it is clear that defendant's point is well taken: estoppel does not apply here, there is no mutuality. Our ruling on this issue does not dispose of the case, however.

Defendant's assignments of error and arguments in brief challenge the reason given by the trial court for its decision; they do not reach the underlying merit of the decision apparent in the record.

■■ So long as the judgment or decree is correct, the theory on which it is decided is immaterial. *Birmingham Artificial Limb Co. v. Allen,* 280 Ala. 445, 194 So.2d 848. The question on appeal is "whether the ruling of the court is correct, and not the reasons advanced by the court for such [a] ruling," *Anderson v. Smith,* 274 Ala. 302, 148 So.2d 243.

■■ In order to support denial of the plaintiff's motion for summary judgment, the record and affidavits filed with the trial court must show that there is a genuine issue of fact or that the moving party is not entitled to judgment as a matter of law, Rule 56(c) ARCP. In ruling on the instant motion the trial court had before it an affidavit in support of the detinue complaint stating that the plaintiff owns the vehicle, and the record of the St. Clair County suit, submitted by plaintiff as an exhibit in support of the motion for summary judgment. While the exhibited St. Clair County record does not raise an estoppel against defendant, Count Five of its amended complaint, in which defendant averred, ". . . said automobile was a stolen automobile and was repossessed by its lawful owners . . ." has evidentiary value. A party's pleading in a prior case is admissible in the present action as an admission of the truth of the facts stated in the pleading if such party swore to it, signed it, directed its drawing, or assented to it as a correct statement. McElroy, *The Law of Evidence in Alabama* (2d Ed.) Sec. 181.01, Vol. 2, p. 7; *City of Jasper v. Sanders,* 226 Ala. 84, 145 So. 827.

■ Neither the affidavit, nor the admission by pleading, is conclusive, per se. However, these supporting materials tend to establish, and, in the absence of countervailing evidence or matters forming a defense, they do establish movant's right to recover on his detinue claim as a matter of law and thus his right to prevail on summary judgment, Rule 56(e) ARCP.

The record reveals that defendant offered no affidavits, exhibits or other material refuting plaintiff's submitted evidence or establishing a defense to the prima facie case. The only shred of response by defendant is his demurrer to the complaint in detinue. Rule 56(e) states in part:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading . . .." [Emphasis added.]

Summary judgment was correctly entered here because defendant offered nothing in opposition to the motion, but chose to rest on his pleading, *Owens v. Bank of Brewton,* 53 Ala.App. 529, 302 So.2d 114.

For this reason there is no basis for reversing the decision of the trial court. It is therefore affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.