WRIGHT, Presiding Judge.
This is stated to be an appeal from a judgment of dismissal and judgment denying a motion to strike the judgment of dismissal. As this court is unfamiliar with a motion to strike a judgment, we shall consider such motion as one to vacate the judgment under Rule 59(e), ARCP. After such consideration, the judgment below is affirmed.
The proceedings from which this case arose are unusual and prolix. They are set out hereafter:
On May 29, 1973, Leamon Ollie Boone, through counsel William G. Hamm, Jr. filed in the Circuit Court of Madison County a form instrument, which alleged that it was an appeal from an order of suspension by the Director of the Department of Public Safety. The appeal was stated to be brought under Title 36, Sec. 74(43) of the *7 Code of Alabama (1940). Such statute is a part of the Motor Vehicle Safety Responsibility Act. The instrument averred further that the Director issued a notice of suspension on June 6, 1973, and that it was effective on that date. David R. Archer, Circuit Judge, on the same date of the filing entered a stay of the order of suspension. It will be noted that the date of the filing and stay order was May 29,1973, and the instrument alleged the order of suspension was issued June 6, 1973. It is further to be noted that the instrument failed to allege the circumstances giving rise to the suspension, whether it arose from failure to file notice of an accident and furnish evidence of insurance or financial responsibility, or whether it arose out of a conviction requiring revocation. Neither does the instrument indicate whether the suspension was of license and/or registration.
To the appeal from action of the director under the Safety Responsibility Act, the Director moved to dismiss alleging that the Director had issued no suspension under such act, but had rather issued a mandatory revocation of the drivers license of Boone after final conviction for driving while intoxicated; that no appeal could lie from such act of revocation and that the Madison County Circuit Court was without jurisdiction.
On August 16,1973, the motion to dismiss was heard by the court. The following judgment was entered:
“This matter coming on for hearing on the Motion by the State to dismiss the Appellant’s petition for Stay of the order of the Department, the Court having ascertained that the defendant has been convicted of driving while intoxicated, and on said conviction his license was automatically revoked. It is therefore the Order of the Court that the Petition of the Appellant Leamon Ollie Boone being and the same, is dismissed and the Director of the Department of Public Safety may proceed in said case.
“Dated this the 16th day of August, 1973.”
No appeal was taken from the above order. It would appear that the matter should have ended, at least in the Circuit Court of Madison County. It did not.
On September 24, 1973, Boone filed another instrument of appeal in the same form as the first except it averred another order of suspension from the Director dated August 26, 1973. Again Judge Archer entered a stay.
On April 1, 1974, Judge Mayhall entered a judgment of dismissal of that appeal upon motion of the attorney for Boone. Attorney Hamm represented in the second appeal.
On May 6, 1974, Boone, through attorney Hamm, filed another appeal, this time averring suspension by the Director by order dated June 6, 1973, effective April 26, 1974 in accident case Number 73-1214. (That case number was the number of the appeal dismissed on his own motion on April 1, 1974.) Again Judge Archer entered a stay of the Director’s order.
To that appeal the Director again filed a motion to dismiss listing the same grounds as to the first appeal and in addition the ground that the appeal was untimely brought. (The time for appealing a suspension under Title 36, Sec. 74(43) is 60 days from the date of the order of suspension.) The Director further filed claim for actual and punitive damages for abuse of process, setting out therein the prior appeals and their dispositions.
On November 13,1975, without ruling on the Director’s motion and claim, the court, with Judge William D. Page sitting, entered an order of dismissal of the cause upon motion of Boone through his attorney, Hamm.
On November 26, 1975, Boone through attorney Hamm again filed an appeal from the order of the Director dated June 6, 1973. (It was stated in each of the appeals filed that it came within 60 days from the issuance of the Director’s order.) This latest appeal was shown on its face to have been filed over two and one-half years from the date of the suspension.
*8 Judge Archer again signed a stay order.
On December 30, 1975, Judge Page entered an order of dismissal ex mero motu. He listed therein, in order, the previous appeals taken by Boone together with their disposition. He pointed out that though costs in each case had been taxed against Boone, none of the costs had been paid. He then dismissed the case pursuant to Rule 41(d), ARCP.
It is from the ex mero motu judgment of dismissal that Boone appeals. The issue presented is whether one circuit judge may dismiss ex mero motu the order of another judge of the same circuit. Appellant also argues in brief that Rule 41(d) does not authorize a dismissal but only a stay until costs are paid in actions previously brought upon the same claim and previously dismissed. This court finds no merit in either contention.
It is unnecessary to decide the issue stated on appeal. The record does not present such issue. The presentation of the appeal to Judge Archer upon its filing was merely a procedural step available under the statute. Title 36, Sec. 74(43). The granting of the stay did not give exclusive control of future proceedings in the case to Judge Archer. Judge Page in entering his order of dismissal was not reconsidering the matter presented to Judge Archer, but acted concerning final disposition of the matter.
Neither do we need to decide the other contention presented by Boone in brief. In view of the record before us and Judge Page, the court was without jurisdiction to entertain the matter. On that basis, the dismissal ex mero motu was proper. The fact that Judge Page dismissed for another reason, whether a correct reason or not, doesn’t matter on appeal. Birmingham Artificial Limb Co. v. Allen, 280 Ala. 445, 194 So.2d 848. The dismissal of an action ex mero motu when it shows upon its face that the court is without jurisdiction is always proper. Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407.
As previously pointed out herein, the appeal showed on its face that the statutory limitation of 60 days for appeal had expired more than two years previous to filing. In addition, Judge Page could, and according to his judgment did, take judicial knowledge of his own court’s records concerning previous proceedings in the same matter. Lovejoy v. State, 32 Ala.App. 110, 22 So.2d 532, cert. denied, 247 Ala. 48, 22 So.2d 537. That record showed the judgment entered by Judge Mayhall on August 16, 1973, which concluded the right of further appeal in the matter. The judgment of dismissal by Judge Page was proper and without error. It is affirmed.
This court cannot end its decision in this matter with a mere affirmance. We must state that the record reflects the most flagrant and apparently planned course of abuse of process of the courts that we have seen. Counsel for Boone has misused and abused the process of and the valuable time of the Circuit Court of Madison County at least since the judgment of August 16,1973, in order to thwart the legislative mandate given the Director of Public Safety of the State of Alabama. The repeated filing of appeals of the matter after dismissal is clearly shown to be deliberate and with full knowledge that they were without support in law.
We find that the continuation of such course of conduct continues in the appeal to this court. We consider the appeal to be frivolous under Rule 38 of the Alabama Rules of Appellate Procedure. It is therefore ordered that damages in the sum of $500.00 be awarded the appellee, State of Alabama, as an expense of response to the appeal, together with double cost in this court. Execution therefor may issue for such damage and cost against appellant Leamon Ollie Boone.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.