BRADLEY, Judge.
This appeal involves title to real property located in Montgomery County.
The present case arises out of a dispute over ownership of two hundred thirty acres of land located in Montgomery County. *130 The land was originally owned by W. F. Niblett who died testate in 1939 devising a life estate in the land to his four illegitimate children, Henry Moore, Gus Moore, Dock Moore, and Emma Moore Wright. Upon the death of any of them the land was to go in fee simple to their children or descendants, or if they left no descendants, it was to revert to the survivors or descendants of the survivors. ■
It is undisputed that Henry Moore died or disappeared before Niblett’s death, leaving no children or descendants. As a result the other three children each took an undivided one-third interest. Gus Moore died leaving one illegitimate child, Squire Gamble. Emma Moore Wright and Dock Moore assigned any interest which they had in Gus Moore’s portion to Squire Gamble. In 1951 suit was brought in the Circuit Court "of Montgomery County by Emma Moore Wright, Dock Moore and Squire Gamble to oust Emma Moore, Gus Moore’s wife, from the property and to construe the will of W. F. Niblett. The circuit court construed the will and found that Squire Gamble was entitled to take his father’s one-third undivided interest in the subject property.
Dock Moore died later in 1951 leaving six illegitimate children, viz: Thelma Carter, Theodore Moore, Robert Moore, Clara McCall, George Bray, and Julius McDay. The dispute in this case arises out of the question of what interest if any these six illegitimate children took upon their father’s death.
Emma Moore Wright died intestate in 1970 leaving as her only survivor her legitimate son, Milton Wright. In October 1972 Milton Wright agreed to sell whatever interest he had in the property to defendant, J. B. Holley. The parties valued the property at $25,000, and defendant agreed to pay Milton the proportionate value of Milton’s interest in the subject property. Defendant’s attorney, after reading the 1951 order of the circuit court, determined that Milton had a one-third interest, and thus defendant paid Milton $8,000 for this one-third interest. Milton Wright accepted this amount, and the warranty deed was delivered and recorded.
In 1973 defendant began to negotiate with Dock Moore’s illegitimate children to obtain their interest. He believed that they also owned a one-third interest. George Bray and Julius McDay conveyed any interest they had to their sister, Thelma Carter. Another sister, Clara McCall, died without issue. In July 1973 Thelma Carter, Theodore Moore, and Robert Moore conveyed by warranty deed their interest to defendant. They signed affidavits to the effect that they were Dock Moore’s children and had title to their father’s one-third interest. Defendant paid these three children $10,-000.
Defendant also acquired Squire Gamble’s interest. Defendant, however, reconveyed forty acres of the property back to Gamble. This was the portion of the property on which Gamble and his family resided and was the original W. F. Niblett homestead.
Milton Wright died testate in September 1974 leaving as his sole beneficiary his half brother, Kelly Wright, who was also named executor under Milton’s will.
On December 6, 1979 a complaint for declaratory judgment was filed in the Circuit Court of Montgomery County by Kelly Wright. The complaint sought to have the court determine what interest Milton Wright had in the subject property. On February 21, 1980 a default judgment was entered against the defendant. It was found that Milton Wright owned a one-half interest in the property and thus was entitled to be paid an additional $4,500.00 for his interest as per the original contract.
In March 1980 defendant filed a motion to set aside the default judgment. The case was tried before the court sitting without a jury on July 22,1980. The court found that Milton Wright owned a two-thirds interest in the property rather than one-half. Defendant filed a motion for new trial which was denied. As a result defendant appeals to this court.
In this appeal, defendant raises several issues concerning the effect of the 1951 proceeding on the present controversy. He *131 contends that the 1951 decision conclusively decided that illegitimate children could take under Niblett’s will and should be given res judicata effect by this court. We, however, do not agree with this contention.
The elements of res judicata are a prior judgment rendered by a court of competent jurisdiction, substantial identity of the parties in the two suits, identity of issues in the two suits, and a prior judgment rendered on the merits. Ozley v. Guthrie, 372 So.2d 860 (Ala.1979).
In the 1951 proceeding the parties were Squire Gamble, Dock Moore, and Emma Moore Wright. The children of Dock Moore and Emma Moore Wright were not parties to that suit. In order for them to be bound by the 1951 proceeding, they must be in privity with the parties to that suit. Privity is defined as a mutual or successive relationship to the same rights of property, or an identity of interest in the subject matter of the litigation. Sosebee v. Alabama Farm Bureau Mutual Casualty Insurance Co., 56 Ala.App. 334, 321 So.2d 676 (1975).
It is undisputed that Dock Moore and Emma Moore Wright were life tenants. Their children or descendants held a remainder interest. This being the case, the children cannot be considered in privity with their parents because they were not entitled to the same rights in the property. 50 C.J.S. Judgments § 810(b) (1947).
Alabama courts have applied res judicata to remaindermen when they have been represented by other members of their class under the doctrine of “virtual representation.” In order to bind members of the class, those persons made parties to the suit must have sufficient interest in the controversy to induce them to bring forth the entire merits of the question. Ussery v. Darrow, 238 Ala. 67, 188 So. 885 (1939). When members of the class sought to be represented are in esse at the time of the original proceeding, however, representation may be had only by a member of the class in question. See generally Annot., 120 A.L.R. 876 (1939). In the present case all of Dock Moore’s and Emma Moore Wright’s children were in esse at the institution of the 1951 proceeding, and yet none of them were joined as parties to the controversy. Given the nature of the 1951 proceeding, it cannot be said that Squire Gamble acted in a representative capacity for the members of the class in question. The 1951 proceeding only asked the court to determine the interest of the parties to that suit in the property. Squire Gamble in no way attempted to represent Dock Moore’s or Emma Moore Wright’s children, and the court did not make any determination of their interest. We therefore conclude that the doctrine of res judicata does not operate as a bar to the parties in the present proceeding.
We also cannot find that the 1951 decision conclusively decided that illegitimate children of the four life tenants could take under Niblett’s will. That decision stated only that Squire Gamble could take as a descendant. We cannot find from this that the trial judge construed the will to include illegitimates. The trial judge did not indicate why or how he found that Squire Gamble was a descendant. We believe that an issue must clearly be decided before it can be given res judicata effect. We cannot find that the 1951 decision clearly found that illegitimates could take under Niblett’s will so as to make that decision res judicata. See generally 50 C.J.S. Judgments § 717 (1947).
Having found that res judicata does not apply in this case, we find that the plaintiff erred in failing to join necessary parties under A.R.C.P. 19.
A.R.C.P. 19(a) provides:
(a) Persons to be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the per *132 sons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. [Emphasis added.]
The failure to join an indispensable party may be raised for the first time on appeal. Mead Corporation v. City of Birmingham, 350 So.2d 419 (Ala.1977). Since defendant has raised this issue on appeal, we may address it, and we find it disposi-tive of the present case.
It has been established that where a decree affects an interest in real property, every person who claims title, ownership or interest in the realty must be joined. Johnston v. White-Spunner, 342 So.2d 754 (Ala.1977). It is undisputed that in this case the suit by Kelly Wright as executor of Milton Wright’s estate was to determine the interest of the respective parties in the subject property. Surely all of the persons claiming an interest in this property are necessary to insure a complete adjudication of everyone’s interest.
A close look at Rule 19 reveals that two alternative tests have been set out for determining whether joinder is necessary. It is clear to this court that the test set out in 19(a)(2) is applicable in this case. The persons not joined in the present suit have certainly claimed an interest relating to the subject of the present action as provided under the Rule.
Further, under 19(a)(2) a person is to be joined if his ability to protect his interest will be impaired or if one already a party may suffer double liability or inconsistent obligations. The facts certainly indicate that either of these circumstances is possible.
The heirs of Dock Moore sold their interest to defendant for $10,000. The trial court, however, determined that they had no interest in the property. From this, then, these persons’ ability to protect their interest has been impaired. By finding that they have no interest, the trial court has in effect ruled that they have no right to the $10,000. Furthermore defendant may be subject to double liability because he will have to file suit in order to regain his $10,000. A subsequent proceeding to collect this money could result in inconsistent judgments. Therefore we find that the heirs of Dock Moore are necessary parties who should have been joined. See Johnston, supra; Kirkley v. Bailey, 282 Ala. 115, 209 So.2d 398 (1968).
Likewise the heirs of Squire Gamble have claimed an interest in the property because of a 1951 proceeding which held that Gamble was entitled to take in fee simple his father’s interest. It is undisputed that this property was held by the parties undivided as tenants in common. Gamble’s heirs sold their interest to defendant; however, defendant reconveyed to them a forty acre tract. At that time defendant thought that he had purchased the entire tract. By the present decision, Gamble’s heirs’ rights to this specific forty acres could be affected since they held an undivided interest. It is also clear that under the 1951 decree Gamble took his father’s interest as an heir. If the illegitimate children of Dock Moore are found to have no interest, it is clear that Gamble’s heirs certainly have a possible claim for a one-half interest. These facts indicate that Squire Gamble’s heirs are necessary parties under 19(a)(2) because their ability to protect their claimed interest may be impaired, and defendant could incur inconsistent obligations.
Further, we find that to fully and finally determine all issues presented in this case it is necessary that all of the persons be joined as parties. Certainly the children of Dock Moore are indispensable parties to this suit as well as the children or descendants of Squire Gamble.
The judgment of the circuit court is therefore reversed and remanded so that all persons claiming an interest in the property can be joined, and a full trial on the merits can be held.
REVERSED AND REMANDED.
HOLMES, J., concurs specially.
WRIGHT, P. J., dissents.