HOLMES, Retired Appellate Judge.
Compass Bank (Compass) appeals from a summary judgment entered in favor of F.B. Richerson.
The facts of this case are basically undisputed, and they have been adequately summarized as follows by the trial court in its September 25,1997, order:
“1. On February 17, 1971, State National Bank issued a certificate of deposit to F.B. Richerson.
“2. Compass Bank is the successor, through a series of mergers and name changes, to State National Bank of Alabama, hereinafter ‘State.’
“3. The certificate issued by State, states in pertinent part: ‘No renewal of this certificate is necessary,’ and ‘This certificate shall be considered renewed automatically for an additional period equal to its original term, and thereafter for additional successive periods of time equal to such original term, unless presented for redemption within 10 days after the end of the original term or any subsequent term provided for herein.’ The certificate further provides that the bank ‘retains the right to redeem this certificate and to change the interest rate from time to time upon 30 days’ written notice prior to the original or any subsequent maturity date.’
“4. There is no evidence of payment or redemption of the certificate by State or any successor institution.
“5. Richerson did not receive notice of any change in the interest rate on the certificate, and held the original certificate from its date of issue until he attempted to redeem it.
“6. On February 20, 1996, Richerson tendered the certificate of deposit to Compass Bank for payment.
“7. Compass Bank denied payment, claiming the payment was barred by prescription, presumption of payment after a 20-year statute of repose, and laches.
“The court is of the opinion that the case law relied upon by defendant Compass Bank for its argument is distinguishable. The court concludes as a matter of law that [Richerson’s] claim is not barred by prescription, presumption of payment, or laches. The court further concludes that Richerson is entitled to recover the principal amount of the certificate of deposit and interest accrued at the contract rate since the last payment date.
“In accord with the foregoing, it is ORDERED by the court as follows: [Compass Bank’s] motion for summary judgment is denied and overruled. [Richerson’s] motion for summary judgment is granted and judgment is entered in favor of [Richerson] ... for the principal amount of the certificate of deposit and interest accrued at the contract rate since the last payment date.”
*12 The trial court subsequently amended its September 25,1997, order to specifically note that Richerson shall recover from Compass the amount of $43,765.50, which included principal and interest accrued through September 25, 1997. The trial court made its judgment final pursuant to Rule 54(b), Ala. R. Civ. P.
Compass appeals.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie case showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d at 684.
Substantial evidence has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Our review of the record reveals the following: Richerson, while residing in Belgium, purchased the CD at issue from State National Bank of Alabama (State). The issue date was February 17, 1971, and the maturity date was February 17, 1972. The language contained on the face of the CD, however, stated, in part, that no renewal of the CD was necessary and that it would be automatically renewed if not presented for redemption.
Richerson testified that in May 1972, he returned to the United States and that in February 1973 he called State to “re-establish communications” about the CD. During the conversation, Richerson informed State that he had not received any information regarding the first year’s interest, which would have accrued from February 17, 1971, until February 17, 1972. State apparently informed Richerson that the CD had earned $550 interest for the first year, and that State had added the interest to the principal. Richerson reported the first year’s interest on his personal income taxes.
Richerson testified that after his conversation with State in February 1973, he never received any more information from State regarding the CD, nor did he make any additional inquiries regarding the CD. In essence, Richerson testified that he was satisfied that the CD was “set-up”; he assumed that every year, the interest continued to accrue and to compound; therefore, he did not think about the CD any more.
In the fall of 1995 Richerson’s wife discovered the CD while discarding old records. Thereafter, in February 1996, Richerson attempted to redeem the CD at Compass, State’s successor. Compass, however, did not have any records regarding the CD and, thus, refused to pay Richerson.
In support of its motion for a summary judgment, Compass contends that payment of the CD is barred by prescription of payment after a 20-year statute of repose, and laches. Compass also contends that there was a presumption that the CD had been paid.
In support of its position, Compass relies heavily on Owens v. Bank of Brewton, 53 Ala.App. 529, 302 So.2d 114, 116 (1974), which states the following:
“What is presumption of payment? It is a doctrine or rule of law arising from common law and has been recognized by the courts of this state as far back as reported cases are available. It has been also known as the doctrine of prescription as applied to undisturbed possession of property. It has been termed an absolute rule of repose- Briefly stated, as recognized in this state, the doctrine of prescription or presumption of payment is that the lapse of twenty years, without recognition of right, or admission of liability, operates as an absolute rule of repose.”
(Citations omitted.)
In Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534, 538 (1934), our supreme court *13 stated that “[i]t is not a presumption merely, but a rule of law, raising an absolute bar to ancient causes of action.” Furthermore, the presumption cannot be raised until after the lapse of 20 years from when a debt is either due or demandable. Braun v. Pettyjohn, 176 Ala. 592, 58 So. 907 (1912).
In the instant case, we conclude that the doctrine of prescription or presumption of payment does not apply. Specifically, we conclude that based on the language contained on the face of the CD, the 20-year prescription period could not have been triggered until Richerson made a demand for payment.
The language expressly states that “[n]o renewal of this certificate is necessary” and that “[t]his certificate shall be considered renewed automatically ... unless presented for redemption_” It can be logically concluded, therefore, that Richerson had a vested right in allowing the CD to automatically renew every year without making demand for payment and that he properly exercised that right. Furthermore, Richerson’s right to demand payment was also vested, because he did not have any due date or time frame in which to demand payment. In other words, Richerson’s rights were not affected by the lapse of time.
Compass seemingly implies that it would be unfair to require it to defend a claim that has gone unasserted for 20 years. However, as can be seen from the above, no claim or ancient cause of action exists in this ease, because Richerson had a vested right to demand payment at any time. Thus, Compass’s defense of laches must also fail.
Compass also contends that since it has no records of the CD, there is a presumption of payment. We note, however, that “[t]he burden of proof of payment ... is on the defendant; it is an affirmative fact, which must be proved by the party alleging it.” First Nat’l Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 555, 101 So. 186, 189-90 (1924). As noted by the trial court, Compass presented no evidence of payment or redemption of the CD.
Based on the particular facts and circumstances of this case, we conclude that the trial court correctly entered a summary judgment in favor of Richerson. Porter, 636 So.2d 682.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.