CRAWLEY, Judge,
dissenting.
I must respectfully dissent. The doctrine of prescription, or, as it is also known, the “presumption of payment,” is an absolute rule of repose. “[Ajfter a period of 20 years, without any payment, settlement, or other recognition of liability, ... settlements will be presumed to have been made.” Snodgrass v. Snodgrass, 176 Ala. 276, 280, 58 So. 201, 202 (1912) (citations omitted). “The rule is bottomed on the doctrine that demands unasserted for so long a time, either had no foundation in justice, or have been adjusted.” Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534, 538 (1934). The rule has been applied to the demand for payment of a savings account, Owens v. Bank of Brewton, 53 Ala.App. 529, 302 So.2d 114 (1974), and it would also apply to the claim for payment of a certificate of deposit. Even though Richer-son’s CD was automatically renewable annually according to its terms, neither Richerson nor State (nor its successors) “reeogni[zed] ... a subsisting and continuing right or obligation” for over 20 years. Eatman v. Goodson, 262 Ala. 242, 249, 78 So.2d 625, 631 (1954). I would apply the rule of prescription to Richerson’s claim and would reverse the trial court’s judgment in his favor.
THOMPSON, J., concurs.