839 So.2d 617 (2002)
CONSECO FINANCE CORPORATION OF ALABAMA d/b/a Green Tree Financial Corporation
v.
Nora SLAY.
1010123.
Supreme Court of Alabama.
June 21, 2002.
John Peter Crook McCall of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for appellant.
Chad Lee, Roanoke, for appellee.
MOORE, Chief Justice.
Conseco Finance Corporation of Alabama d/b/a Green Tree Financial Corporation ("Conseco"), appeals from an order denying Conseco's motion to compel arbitration. We dismiss the appeal because it is not ripe for review.
Conseco filed a complaint on February 11, 2000, against Nora Slay ("Slay") alleging that it had entered into a contract with Slay for the purchase of a mobile home; that, pursuant to that contract, it had retained a purchase-money security interest in the home; and that under the terms of the contract it was entitled to the recovery of the collateral (i.e., the mobile home) and a money judgment for the outstanding indebtedness on the home. Conseco amended its complaint on October 23, 2000. Slay answered Conseco's amended complaint on *618 November 20, 2000, and asserted a counterclaim alleging that the signature on the contract purporting to be hers was a forgery.
On April 9, 2001, Conseco filed a motion to compel arbitration of Slay's counterclaim, pursuant to an arbitration provision contained in the contract. A hearing on the motion was held on August 2, 2001. After arguments, the trial court stated:
"At this time I am going to state that Nora Slay's allegation that her purported signature on these documents is, in fact, a forgery, and is going to be sufficient to prohibit the matter from proceeding to arbitration, and that she would have the right to a jury trial in this matter."
The case action summary sheet has a notation for the same day which states, "Motion to Compel Arbitration DENIED." Thereafter, Conseco filed a motion to alter, amend, or vacate the order denying its motion to compel arbitration, arguing, in part, that the trial court's order denying arbitration should be amended
"to clarify that arbitration is not being denied at this stage of the proceeding but, rather, that the issue of the validity of Slay's signature on the arbitration agreement should be determined by trial by jury and thus the validity of the arbitration agreement will be determined by jury trial."
The trial court denied Conseco's motion in an order issued September 6, 2001.
On appeal, Conseco concedes that the trial court properly held that the question whether the signature on the contract purporting to be Slay's was forged was a question for a jury. See Ex parte Meadows, 782 So.2d 277, 280 (Ala.2000) (a party contesting the existence of an agreement to arbitrate cannot be compelled to arbitrate such a threshold claim). Conseco argues that the trial court's ruling and order "might be construed to deny arbitration completely"; it asks this Court to "direct the lower court to clarify its ruling" to assure Conseco that its motion to compel arbitration was "conditionally" denied pending a resolution by a jury of the validity of the contract containing the arbitration provision.
Unfortunately for Conseco, it has, at this point in the proceedings, requested relief for a harm it has not yet suffered. Rather, Conseco claims that, assuming the jury finds the contract valid, the trial court's ruling and order could be read one way (i.e., as an absolute denial of arbitration), and that, if it is so read, Conseco would be legally harmed. Such speculative possibilities do not provide us with a "live controversy." "Matters that may or may not occur in the future do not present an existing controversy ...." Baldwin County v. Palmtree Penthouses, Ltd., 831 So.2d 603, 605 (Ala.2002). The trial court has not construed its own ruling and order in the way Conseco fears it can be construed; neither has the trial court had the opportunity to apply such a construction because there is no indication that a jury has decided the forgery issue. Should the trial court construe its ruling permitting a trial by a jury "in this matter" to embrace all issues and not merely the authenticity of the signature on the arbitration agreement, Conseco may then appeal on the issue it has argued before this Court.
We conclude, therefore, that the issue raised by Conseco is not ripe for adjudication. Although neither party questioned the ripeness of this matter, we must dismiss this appeal ex mero motu because we lack jurisdiction to hear it. See Baldwin County, 831 So.2d at 605 n. 4 (this Court has a duty to notice a lack of subject-matter jurisdiction); Boone v. Director of Dep't of Public Safety, 337 So.2d 6, 8 (Ala. Civ.App.1976) ("The dismissal of an action ex mero motu when it shows upon its face *619 that the court is without jurisdiction is always proper.").
APPEAL DISMISSED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, and STUART, JJ., concur.
HARWOOD, J., concurs in the result.
WOODALL, J., dissents.
HARWOOD, Justice (concurring in the result).
Conseco reasonably apprehended that the phrasing of the trial judge's oral statement of his ruling on August 2, 2001, and the phrasing of his entry on the case action summary sheet that same day, in combination with his denial of Conseco's motion seeking, in part, a clarification of those rulings to reflect that arbitration was not being unconditionally denied at that stage of the proceedings, constituted a full-fledged denial of Conseco's motion to compel arbitration. That being the situation, Conseco could ill afford to "guess" otherwise and let the time for an appeal of such a denial expire, exposing it to the prospect of losing its only chance to seek appellate review of a denial. The holding of the main opinion, that, in effect, the rulings by the trial court do not represent an unconditional denial of arbitration, with the result that the issue raised by Conseco is not ripe for review, officially allays Conseco's concerns. I, therefore, concur in the result.
WOODALL, Justice (dissenting).
The trial court denied Conseco's motion to compel arbitration. Therefore, instead of dismissing Conseco's appeal, this Court should address the merits of the arbitration issue.
The trial court has never indicated that it intends to limit a jury trial to the issue whether Slay actually signed the contract for the purchase of the mobile home. After the motion to compel arbitration was argued orally, the trial court stated "that Nora Slay's allegation that her purported signature on these documents is, in fact, a forgery, and is going to be sufficient to prohibit the matter from proceeding to arbitration, and that she would have the right to a jury trial in this matter." There is no basis for a conclusion that the trial court equated "matter" with the limited "issue" of the validity of Slay's purported signature. Indeed, any such notion is belied by the trial court's written order, which simply denied the motion to compel arbitration.
Conseco was dissatisfied with the denial of its motion and sought to have the trial court amend its order "to clarify that arbitration is not being denied at this stage of the proceeding but, rather, that the issue of the validity of [Slay's] signature on the arbitration agreement should be determined by trial by jury." The trial court refused to amend its order denying arbitration, clearly leaving intact its previous absolute denial of the motion to compel arbitration.
I would affirm the trial court's order denying arbitration, because Conseco did not carry its initial burden of "proving that the contract evidences a transaction substantially affecting interstate commerce." American Gen. Fin., Inc. v. Morton, 812 So.2d 282, 284-85 (Ala.2001) (plurality opinion). Conseco attempts to excuse its failure by arguing that "the record on appeal is devoid of any mention by Slay, much less any affirmative pleading, that the arbitration provision at issue did not involve interstate commerce." Reply Brief of Appellant, at 3. However, that argument ignores the fact that Conseco had the initial burden with regard to the interstate-commerce issue. Also, it ignores Slay's right to "defend the trial court's ruling with an argument not raised below, for this Court `will affirm the judgment appealed *620 from if supported on any valid legal ground.' Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983)." Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988).