Rel: February 14, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0709

_____

## Investar Bank, N.A., successor by merger with Bank of York

## v.

## Edna Strickland

## Appeal from Sumter Circuit Court
## (CV-20-900019)

MOORE, Presiding Judge.

Investar Bank, N.A. ("the Bank"), as successor by merger to the Bank of York, appeals from a judgment entered by the Sumter Circuit Court ("the trial court") awarding Edna Strickland damages in a breach-of-contract action arising from the alleged nonpayment of a certificate of

deposit. Because we conclude that the applicable statute of limitations barred the breach-of-contract claim, we reverse the judgment and render a judgment for the Bank.

Background

On February 4, 1987, the Bank issued a $20,000 nonnegotiable money-market certificate of deposit ("the CD"), numbered 40893, payable to Edna, to her husband Albert Strickland, or to her son Glenn Strickland. The terms of the CD indicated that it would have multiple 36-month maturity dates, with the first occurring on February 4, 1990. In August 2018, Edna discovered a photocopy of the CD in a shoe box in her home. Edna presented the copy of the CD to the Bank and demanded payment of the CD, which the Bank denied. On May 29, 2020, Edna filed a complaint seeking payment of the CD, and the Bank defended the claim by asserting, among other defenses, that the claim was barred by the statute of limitations set forth in Ala. Code 1975, § 7-4-111. After the trial court denied a motion for a summary judgment filed by the Bank based on the statute-of-limitations defense, the parties filed a joint stipulation of facts and requested that the trial court enter a judgment based on those facts. On August 6, 2024, the trial court entered a

judgment in favor of Edna for $49,996.96. The Bank timely appealed. This appeal lies within this court's jurisdiction. See Ala. Code 1975, § 12-3-10 (providing that the Court of Civil Appeals shall have appellate jurisdiction over "all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000").

## Issue

The dispositive issue in this case is whether § 7-4-111 bars the claim asserted by Edna for payment of the CD.

## Standard of Review

The judgment was based solely on a joint stipulation of facts without the receipt of any oral testimony and the arguments of counsel. Therefore, our review is de novo. Nix v. McElrath, 952 So. 2d 1107, 1110 (Ala. 2006).

> "When reviewing a case in which the trial court sat without a jury and heard evidence in the form of stipulations, briefs, and the writings of the parties, this Court sits in judgment of the evidence; there is no presumption of correctness. Old Southern Life Ins. Co. v. Williams, 544 So. 2d 941, 942 (Ala. 1989); Craig Constr. Co. v. Hendrix, 568 So. 2d 752, 756 (Ala. 1990). When this Court must determine if the trial court misapplied the law to the undisputed facts, the standard of review is de novo, and no presumption of correctness is given the decision of the trial court. State Dep't of Revenue v. Garner, 812 So. 2d 380, 382 (Ala. Civ. App. 2001); see also Ex

parte Graham, 702 So. 2d 1215 (Ala. 1997). In this case the trial court based its decision upon the stipulations, briefs, writings, and arguments of the parties' attorneys. No testimony was presented. Therefore, we must sit in judgment of the evidence, and the trial court's ruling carries no presumption of correctness."

Bean Dredging, L.L.C. v. Alabama Dep't of Revenue, 855 So. 2d 513, 516-17 (Ala. 2003).

Analysis

Pursuant to § 7-4-111, an action to enforce an obligation arising from a nonnegotiable certificate of deposit must be commenced within three years "after the cause of action accrues." According to § 7-4-111, the cause of action accrues

"upon the earlier of: (1) the date demand for payment is made to the bank, but if the [certificate of deposit] has a due date and the bank is not required to pay before that date, the cause of action accrues when a demand for payment is in effect and the due date has passed; (2) the [later] of: a. the due date of the [certificate of deposit] established in the bank's last written notice of renewal sent pursuant to [Ala. Code 1975, §] 5-5A-36; or b. four years after the last written communication from the bank recognizing the bank's obligation under the [certificate of deposit]; or (3) the last day of the taxable year for which the owner of the [certificate of deposit] last reported interest income earned on the [certificate of deposit] on either a federal or state tax return."

4

Based on the plain and unambiguous language of § 7-4-111, the three-year statute of limitations to enforce the CD commenced when one of the accrual events described therein first occurred.

Based on the stipulation of facts, the original CD is not in the possession of either the Bank or Edna. The copy of the CD showed that it first matured on February 4, 1990. Edna conceded that she had no evidence reflecting that the CD was renewed. The Bank paid Edna interest on the CD in 1990 and, in 1991, the Bank delivered an Internal Revenue Service Form 1099-Int to Edna, who duly reported the income on her income-tax returns for the tax year ending December 31, 1990. After sending the Form 1099 in 1991, the Bank did not send any written notice of renewal of the CD, establish in writing a new due date for the CD, or otherwise send Edna any written communications recognizing its obligation under the CD. The Bank posits that the CD must have been paid, but Edna denies that any of the Stricklands ever received payment. The stipulated facts show that Edna made her demand for payment in August 2018.

Considering those undisputed facts, the cause of action for enforcement of the CD accrued on December 31, 1990. The parties

stipulated that Edna had last reported interest income on the CD on her federal or state income-tax return for the tax year 1990. Under § 7-4-111(3), the cause of action to enforce the CD would be the last day of that tax year, or December 31, 1990. Edna did not make a demand for payment to the Bank until August 2018, so § 7-4-111(1) would not be applicable. Section 7-4-111(2) does not apply because the parties stipulated that the Bank had never established a due date in a written renewal of the CD, pursuant to Ala. Code 1975, § 5-5A-36, or otherwise, and the last written communication from the Bank regarding the CD occurred in 1991. Because § 7-4-111 provides that the cause of action accrues "upon the earlier" of the listed events, and December 31, 1990, is the earliest of all the possible accrual dates, that date is considered the date Edna's cause of action for enforcement of the CD accrued.

Edna argues that the key issue in the case is whether the CD was renewed every three years. Although she stipulated that she had no direct evidence of renewal, Edna maintains that it could be inferred that the CD had been regularly renewed. If so, according to Edna, her cause of action would not have accrued until she demanded payment, as this court decided in Compass Bank v. Richerson, 724 So. 2d 10, 13 (Ala. Civ.

6

App.), writ denied sub nom. Ex parte Compass Bank, 724 So. 2d 14 (Ala. 1998). However, Richerson was decided before the legislature amended § 7-4-111 in 2001. See Ala. Acts 2001, Act No. 2001-459. Before 2001, § 7-4-111 merely stated that "[a]n action to enforce an obligation, duty, or right arising under this article must be commenced within three years after the cause of action accrues." Section 7-4-111 did not define when the cause of action accrued. After 2001, § 7-4-111 explicitly sets forth the circumstances under which the cause of action accrues. Under § 7-4-111, even assuming that the CD had been continually renewed, it remains that Edna last reported interest income on the CD for the tax year 1990 and that December 31, 1990, would be the earliest date upon which her cause of action could accrue.

Edna further contends that she did not report any interest income after 1991 mainly because the Bank had erroneously failed to report the interest income to her. However, the parties did not stipulate that the CD had earned interest after 1990 or that the Bank had failed to report that interest income to Edna. Regardless, § 7-4-111 does not extend the accrual date based on the failure of a financial institution to provide the owner of the certificate of deposit with tax documents or tax information.

Section 7-4-111 clearly and unambiguously provides that the cause of action accrues on the last day of the year for which the owner of the certificate of deposit reports the interest on his or her state or federal income-tax return. See Blackmon v. Brazil, 895 So. 2d 900, 908 (Ala. 2004) (holding that a statute of limitations should be applied according to its plain language).

Conclusion

Because Edna's cause of action to enforce the Bank's obligation under the CD accrued on December 31, 1990, she had until December 31, 1993, to commence her enforcement action. Edna did not file her complaint until May 29, 2020, long after her claim was barred by the statute of limitation set forth in § 7-4-111. The trial court erred by failing to enforce the statute of limitations. Therefore, we reverse the judgment and render a judgment in favor of the Bank.

REVERSED AND JUDGMENT RENDERED.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.